UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KELLY MacNEAL,

                        Plaintiff,

-against-

NEW YORK CITY COMMISSION ON HUMAN RIGHTS; SAPNA RAJ; JACQUELINE RIOS,

                        Defendants.

23 Civ. 5890 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

      Plaintiff, who is appearing *pro se*, brings this action under Title II of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act, and the New York State and City Human Rights Laws, alleging that Defendants discriminated against her because of her race and disability. Because Plaintiff also asserts conspiracy claims and other violations arising out of her involuntarily hospitalization, the Court also construes the Complaint as asserting claims under 42 U.S.C. §§ 1983 and 1985. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (holding that district courts must construe a *pro se* plaintiff's complaint as asserting claims under laws of which factual allegations suggest a violation). By order dated July 11, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the Complaint until the Court reviewed the Complaint and

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants New York City Commission on Human Rights, Sapna Raj and Jaqueline Rios through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue summonses as to Defendants New York City Commission on Human Rights, Sapna Raj and Jaqueline Rios, complete the USM-285 forms

---

ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

3

with the addresses for these defendants, and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:  October 11, 2023
        New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

## DEFENDANTS AND SERVICE ADDRESSES

1. New York City Commission on Human Rights
   22 Reade St.
   New York, NY 10007

2. Sapna Raj
   Deputy Commissioner, Law Enforcement Bureau
   New York City Commission on Human Rights
   22 Reade St.
   New York, NY 10007

3. Jacqueline Rios
   Attorney, Law Enforcement Bureau
   New York City Commission on Human Rights
   22 Reade St.
   New York, NY 10007