UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
            :
KELLY MACNEAL,            :
                        Plaintiff,   :
            :      23 Civ. 5890 (LGS)
          -against-      :
            :          ORDER
NEW YORK CITY COMMISSION ON    :
HUMAN RIGHTS, et al.,           :
                        Defendants.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

Plaintiff has filed an application for the appointment of pro bono counsel. For the following reasons, the application is denied without prejudice.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Courts instead have broad discretion when deciding whether to grant an indigent litigant's request for pro bono representation. Even if a court believes that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Courts do not have funds to pay counsel in civil matters. Applications for pro bono counsel must be granted sparingly and with consideration of the public benefit in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth factors a court should consider in deciding whether to grant an indigent litigant's *pro bono* counsel request. 802 F.2d at 61-62. A litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The litigant must also demonstrate that the claim "seems likely to be of substance," "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, then a court must consider additional factors including:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *accord Cooper*, 877 F.2d at 172 (listing factors). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the case has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application "must be decided on its own facts." *Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed her request to proceed *in forma pauperis* on July 7, 2023, which was granted. When Plaintiff filed her application for the appointment of pro bono counsel, Plaintiff affirmed that her financial status had not changed. Plaintiff therefore qualifies as indigent.

The Complaint asserts causes of action under Title II of the Civil Rights Act of 1964 ("Title II"), the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1981, 18 U.S.C. § 242 and New York State and City Human Rights Laws. The Complaint can also be construed as asserting claims under 42 U.S.C. §§ 1983 and 1985. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017) (noting that failure in a complaint to cite a statute "in no way affects the merits of the claim" because "factual allegations alone are what matters"). The

Complaint alleges that Defendants discriminated against Plaintiff on the basis of race and disability by refusing to investigate her complaints of disability-based discrimination against her landlord and by falsely reporting her as a suicide threat, which led to her being seized and involuntarily hospitalized. The Complaint also accuses Defendants of several criminal acts, citing 18 U.S.C § 242, a provision of the federal criminal code.

As an initial matter, Plaintiff's claim under 18 U.S.C. § 242 is not a proper subject for adjudication in this matter because a plaintiff cannot assert claims under the federal criminal code, as "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). As such, this claim furnishes no basis for granting a request for pro bono counsel.

The Complaint's Title II claim does not seem "likely to be of substance" and therefore does not provide an adequate basis to grant Plaintiff's request for pro bono counsel. *See Hodge*, 802 F.2d at 61. To state a claim under Title II, a plaintiff "must allege facts showing (1) that he was deprived of equal use and enjoyment of a place of public accommodation and (2) discriminatory intent." *Renxiong Huang v. Minghui.org*, No. 17 Civ. 5582, 2018 WL 3579103, at *3 (S.D.N.Y. July 25, 2018). Plaintiff's claim as currently pleaded is deficient because the New York City Commission on Human Rights is not a "place of public accommodation" as defined by Title II. 42 U.S.C. § 2000a(b).

The Complaint's claim under the ADA also lacks substance. To bring a claim under Title II of the ADA, a complaint must allege that the plaintiff "was excluded from participation in a public entity's services . . . or was otherwise discriminated against by a public entity" and that "such exclusion or discrimination was due to [her] disability." *Mary Jo C. v. N.Y. State & Loc. Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013). Here, the Complaint does not allege facts to suggest

3

that Plaintiff was excluded from services or otherwise suffered discrimination due to her disability, strongly suggesting that the claim is not likely to be of substance. Similarly, any claim brought under § 1985 also appears to lack substance because the allegations, on their face, do not establish a conspiracy to interfere with Plaintiff's civil rights. One of the elements necessary to establish a conspiracy under § 1985(3) is the allegation of "an overt act in furtherance of the conspiracy." *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). A complaint must allege the overt act "with at least some degree of particularity." *Id.* at 147. Here, the Complaint's allegations do not sufficiently identify the commission of an overt act in furtherance of a conspiracy.

As to the Complaint's remaining claims under § 1981, § 1983 and New York State and City Human Rights Laws, the Complaint does not allege facts sufficient for the Court to determine whether these claims are likely to be of substance. Accordingly, the appointment of counsel is inappropriate at this time.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the appointment of pro bono counsel is denied without prejudice to renewal at a later date after any dispositive motions and before any trial.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

      The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and close the motion at Dkt. 6.

Dated: November 20, 2023
       New York, New York

                                              LORNA G. SCHOFIELD
                                        UNITED STATES DISTRICT JUDGE