UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

KELLY MACNEAL,

                                        Plaintiff,

            -against-

                                                        No. 23-CV-05890-LGS

THE CITY OF NEW YORK, et al.,

                                        Defendants.

------------------------------------------------------------------- x


## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(b)(6)


*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 20th Floor*
*New York, New York 10007*


*Of Counsel: Bianca C. Isaias*
*Tel: (212) 356-4050*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ...................................................................................................................... 2

STANDARD OF REVIEW .................................................................................................... 6

ARGUMENT ............................................................................................................................. 7

    I.    PLAINTIFF FAILS TO STATE A CLAIM FOR
        RELIEF UNDER 42 U.S.C. § 1983 ..................................................................... 7

          A.    The Amended Complaint Does Not Allege a
                Pattern or Practice of Violating the Fourteenth
                Amendment in Addressing Complaints Before
                the CCHR ..................................................................................... 8

          B.    The Amended Complaint Does Not Allege a
                Pattern or Practice of Unlawful Imprisonment .................... 10

          C.    The Amended Complaint Does Not Allege a
                Pattern or Practice of Excessive Force ................................. 12

          D.    Defendants Are Immune from Punitive
                Damages Under 42 U.S.C. § 1983 ......................................... 13

    II.   PLAINTIFF'S STATE LAW CLAIMS SHOULD BE
        DISMISSED FOR LACK OF JURISDICTION ............................................. 13

    III.  PLAINTIFF FAILS TO STATE A CLAIM UNDER
        NEW YORK COMMON LAW ........................................................................ 13

CONCLUSION ........................................................................................................................ 15

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u> <u>Pages</u>

*Aikman v. County of Westchester*,
   491 F. Supp. 2d 374 (S.D.N.Y. 2007) ..................................................................7

*Anthony v. City of New York*,
   339 F.3d 129 (2d Cir. 2003) ...........................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...........................................................................6, 7, 12

*Barkai v. Mendez*,
   21-CV-4050 (KMK), 2024 U.S. Dist. LEXIS 35845
   (S.D.N.Y. Feb. 21, 2024) ................................................................................11

*Barkai v. Nuendorf*,
   21-CV-4060 (KMK), 2023 U.S. Dist. LEXIS 54359
   (S.D.N.Y. Mar. 29, 2023) ................................................................................11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................6, 7

*Brown v. City of Oneonta*,
   221 F.3d 329 (2d Cir. 2000) ...........................................................................10

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988)......................................................................................13

*Cash v. County of Erie*,
   654 F.3d 324 (2d Cir. 2011) .............................................................................8

*City of Canton v. Harris*,
   489 U.S. 378 (1989)........................................................................................8

*City of Newport v. Fact Concerts, Inc.*,
   453 U.S. 247 (1981)......................................................................................13

*City of St. Louis v. Praprotnik*,
   485 U.S. 112 (1985)........................................................................................8

*Connick v. Thompson*,
   563 U.S. 51 (2011)..........................................................................................7

**Cases**                                                                                  **Pages**

*Davis v. United States,*
    03 Civ. 1800 (NRB), 2004 U.S. Dist. LEXIS 2551
    (S.D.N.Y. Feb. 19, 2004)..................................................................12

*Dawson v. City of Mount Vernon,*
    18-CV-1044 (JMF), 2023 U.S. Dist. LEXIS 197954
    (S.D.N.Y. Nov. 2, 2023)..................................................................12

*Duplan v. City of New York,*
    888 F.3d 612 (2d Cir. 2018) ..............................................................1

*Ehlers v. City of Rapid City,*
    846 F.3d 1002 (8th Cir. 2017) .........................................................11

*Francis v. Kings Park Manor, Inc.,*
    992 F.3d 67, 81 (2d Cir. 2021) ........................................................14

*Guan v. City of New York,*
    37 F.4th 797 (2d Cir. 2022) .............................................................11

*Gurevich v. City of New York,*
    06 Civ. 1646 (GEL), 2008 U.S. Dist. LEXIS 1800
    (S.D.N.Y. Jan. 10, 2008) .................................................................14

*Heller v. Bedford Cent. Sch. Dist.,*
    144 F. Supp. 3d 596 (S.D.N.Y. 2015),
    *aff'd*, 665 F. App'x 49 (2d Cir. 2016)............................................11

*Howell v. New York Post Co.,*
    81 N.Y.2d 115 (1993)......................................................................14

*Jaegly v. Couch,*
    439 F.3d 149 (2d Cir. 2006) ......................................................11, 13

*Jenkins v. City of New York,*
    478 F.3d 76 (2d Cir. 2007) ................................................................8

*Jones v. Nat'l Commun. & Surveillance Networks,*
    409 F. Supp. 2d 456 (S.D.N.Y. 2006) .............................................10

*Kassner v. 2nd Ave. Delicatessen Inc.,*
    496 F.3d 229 (2d Cir. 2007) ..............................................................6

*Kolari v. New York-Presbyterian Hosp.,*
    455 F.3d 118 (2d Cir. 2006) .............................................................13

**Cases**                                                                                                **Pages**

*Komatsu v. City of New York,*
    1:20-CV-6510 (LLS), 2020 U.S. Dist. LEXIS 196550
    (S.D.N.Y. Oct. 21, 2020),
    *aff'd sub nom.*, *Komatsu v. Cubesmart,*
    20-3676, 2021 U.S. App. LEXIS 37504
    (2d Cir. Dec. 20, 2021) .................................................................................. 10

*L-7 Designs, Inc. v. Old Navy, LLC,*
    647 F.3d 419 (2d Cir. 2011) ........................................................................... 6

*Lewis v. City of New York,*
    07 Civ. 7258 (CM), 2010 U.S. Dist. LEXIS 68700
    (S.D.N.Y. June 29, 2010) ............................................................................... 12

*Marom v. City of New York,*
    15-cv-2017 (PKC), 2016 U.S. Dist. LEXIS 28466
    (S.D.N.Y. Mar. 7, 2016) ................................................................................ 12

*Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.,*
    7 F.3d 1085 (2d Cir. 1993) ............................................................................ 10

*Monell v. Dep't of Soc. Servs.,*
    436 U.S. 658 (1978)......................................................................................... 7

*Owens v. Haas,*
    601 F.2d 1242 (2d Cir. 1979) ........................................................................ 10

*Palin v. New York Times Co.,*
    940 F.3d 804 (2d Cir. 2019) ..................................................................... 13, 14

*Pan American World Airways, Inc. v.*
*New York State Human Rights Appeal Bd.,*
    61 N.Y.2d 542 (1984)..................................................................................... 10

*Paul v. Davis,*
    424 U.S. 693 (1976)....................................................................................... 12

*Pembaur v. City of Cincinnatti,*
    475 U.S. 469 (1986).................................................................................... 8, 12

*Pendleton v. City of New York,*
    44 A.D.3d 733 (2007)...................................................................................... 9

*Reynolds v. Giuliani,*
    506 F.3d 183 (2d Cir. 2007) ........................................................................... 7

**Cases**                                                                                            **Pages**

*Rivera v. City of New York,*
    1:20-cv-9968-GHW, 2022 U.S. Dist. LEXIS 87083
    (S.D.N.Y. May 13, 2022) ........................................................................................1

*Rolon v. Henneman,*
    517 F.3d 140 (2d Cir. 2008) .............................................................................7, 12

*Rowley v. City of New York,*
    00 Civ. 1793 (DAB), 2005 U.S. Dist. LEXIS 22241
    (S.D.N.Y. Sept. 30, 2005)..................................................................................14

*Shamilov v. City of New York,*
    20-CV-10224-LTS, 2024 U.S. Dist. LEXIS 29613
    (S.D.N.Y. Feb. 21, 2024) .....................................................................................7

*Smith v. Local 819 I.B.T. Pension Plan,*
    291 F.3d 236 (2d Cir. 2002) ................................................................................7

*Sorlucco v. New York City Police Dep't,*
    971 F.2d 864 (2d Cir. 1992) ................................................................................8

*Stuyvesant v. Crane,*
    1:23-CV-4394 (LTS), 2023 U.S. Dist. LEXIS 130880
    (S.D.N.Y. July 27, 2023) ...................................................................................10

*Velez v. City of New York,*
    730 F.3d 128 (2d Cir. 2013) ..............................................................................14

*Wheeler v. City of Middletown,*
    16 CV 8857 (VB), 2021 US Dist LEXIS 102770
    (S.D.N.Y. June 1, 2021) ....................................................................................13

*Zherka v. Amicone,*
    634 F.3d 642 (2d Cir. 2011) ..............................................................................12

**Statutes**

42 U.S.C. § 1981................................................................................................................1

42 U.S.C. § 1983.................................................................................1, 6, 7, 8, 9, 10, 12, 13

42 U.S.C. § 1985.........................................................................................................1, 10

**Statutes**                                                                    **Pages**

42 U.S.C. § 1986.................................................................................................1, 10

42 U.S.C. § 1988.......................................................................................................1

Fed. R. Civ. P. 12(b)(6) .........................................................................................6, 7

N.Y.C. Admin. Code § 8-113 ...................................................................................5

N.Y.C. Admin. Code § 8-123 ...................................................................................5

N.Y.C. Admin. Code § 8-502(b) ..........................................................................5, 10

N.Y.C. Admin. Code § 8-502(d) ...............................................................................5

N.Y.C. Admin. Code § 8-503(a) ..............................................................................10

## **PRELIMINARY STATEMENT**

Plaintiff Kelly MacNeal ("Plaintiff" or "MacNeal") has failed to put forward an amended complaint ("amended complaint") that states any claim to relief. The amended complaint asserts causes of action against the City of New York ("City") [1] pursuant to 42 U.S.C. §§ 1983, 1985, and 1986[2], which guarantee equal rights under the law, and New York State common law, including false imprisonment, negligent and intentional infliction of emotional distress, defamation, retaliation, and negligent supervision and training, and seeks compensatory and punitive damages. The central assertions of the amended complaint appear to be that the New York City Commission on Human Rights ("CCHR"), a City agency, did not pursue a complaint that Plaintiff filed against her landlord to Plaintiff's satisfaction; CCHR requested a wellness check on Plaintiff after she sent CCHR an email threatening self-harm; and the wellness check resulted in an involuntary hospital admission, that was accomplished by first responders against Plaintiff's will. Even accepting these assertions as true, none of them establish entitlement to the relief Plaintiff seeks.

---

[1] The amended complaint names the City of New York in the caption as sole defendant, and further identifies as defendants the New York City Commission on Human Rights and two Commission on Human Rights employees in their official capacities as "parties." Amended complaint ¶¶2, 8-10. This is consistent with Plaintiff's representation at the February 14, 2024 court conference that she is suing the City and is naming its employees solely in their official capacities. The Complaint also mentions the New York City Police Department, the New York City Fire Department and several unnamed police and Fire Department emergency personnel, in their official capacities. However, no further parties are identified. Notably, although instructed via Court Order to simplify her complaint, MacNeal has seemingly disregarded this instruction and expanded her pleading from 8 to 61 pages and has included in the amended complaint matters not addressed and apparently unrelated to the discrimination claims asserted in her original pleading.

[2] The amended complaint also invokes 42 USC §§ 1981 and 1988. However, these provisions of law are inapposite. Section 1981 is not a vehicle for relief against a municipality. *Rivera v. City of New York*, 2022 U.S. Dist. LEXIS 87083 at *13 (S.D.N.Y. May 13, 2022) ("Section 1981 does not provide a separate private right of action against state actors; instead 42 U.S.C. § 1983 provides the sole cause of action available against state actors alleged to have violated § 1981" citing *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018), internal citations omitted.) Section 1988 relates to attorney's fees and expert fess, which are not at issue here.

All of Plaintiff's federal causes of action should be dismissed because the amended complaint fails to properly identify any municipal policy or custom that caused or lead to a violation of Plaintiff's rights under the United Stated Constitution. Absent such a policy or policies, Plaintiff is not entitled to relief against the City. This Court does not have an independent basis for jurisdiction over Plaintiff's state law claims, and accordingly, those claims should likewise be dismissed. In any event, the amended complaint fails to state a cause of action under federal or state law because the facts that Plaintiff alleges do not amount to violations of any law. Therefore, the amended complaint should be dismissed in its entirety with prejudice.

## **BACKGROUND**

On July 7, 2023, MacNeal filed a *pro se* Complaint against the New York City Commission on Human Rights, Sapna Raj and Jacqueline Rios alleging violations of the ADA and the Fourteenth Amendment, and demanded damages, as well as mandatory training for all Commission staff on racial and disability discrimination. (ECF No. 1.)

Following a Court conference, MacNeal was granted leave to file an amended complaint, which she filed on March 15, 2024. (ECF No. 29) (hereinafter "Am. Compl.")

The amended complaint alleges that MacNeal has a disability and resides in a New York City Department of Housing Preservation and Development "affordable unit". (Am. Compl. ¶¶ 14-16.) MacNeal alleges that she went to the CCHR for assistance with issues concerning her landlord and that CCHR conducted an intake appointment on April 12, 2022. (*Id.* ¶ 48.) Specifically, MacNeal alleged that her landlord refused to rectify conditions exacerbating her disabilities, specifically alleged fumes entering her apartment from her downstairs neighbor's unit. (*Id.* ¶¶ 17-46.)

MacNeal alleges that during her intake, she was met by "unreasonable resistance" and "misrepresentation of the law" by Ms. Rios, a CCHR intake attorney, because Ms. Rios

disagreed with MacNeal's interpretation and applicability of various statutes including the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). (*Id.* ¶¶ 53-70.) MacNeal also alleges that Ms. Rios made stray remarks about race. (*Id.* ¶¶ 53-54, 66-70.) MacNeal further alleges that Ms. Rios's use of specific words such as "expectations" and "concierge service" represent "anti-Caucasian bias". (*Id.* ¶¶ 60-61, 63, 81.) MacNeal asserts that any interpretation of case law and statutes that disagrees with her own understanding is "racist". (*Id.* ¶ 83.)

MacNeal alleges that at the end of her intake session, she asked to speak with a supervisor, and that Ms. Rios agreed to look at further evidence that MacNeal would provide via email. (*Id.* ¶¶ 74-76.) MacNeal alleges that she then spent the rest of April 12, 2022 sending Ms. Rios several emails and making numerous phone calls to Ms. Rios, and that Ms. Rios did not immediately reply. (*Id.* ¶¶ 76-77, 79-80.) MacNeal concedes she was able to reach Ms. Rios by phone at 1pm on April 13, 2022, less than 24 hours after her intake. (*Id.* ¶ 81.) She also concedes that Ms. Raj, a supervisor, spoke with MacNeal on April 14, 2022, less than 48 hours after intake. (*Id.* ¶82.)

MacNeal concedes she participated in a mediation process facilitated by CCHR with her landlord, whereby CCHR offered suggestions for reasonable accommodations including (1) placement on waitlist for transfer to a different accessible apartment as soon as it became available, (2) replacement of her HVAC filters and checking of her washer drains, and (3) an air purifier. (*Id.* ¶¶ 94-96; Exhibit 1 to the Am. Compl. ECF No. 29, p. 40.) However, MacNeal felt dissatisfied with these accommodations, which she characterizes as "useless and unacceptable" asserting that her downstairs neighbor should be threatened with eviction because they were the

cause of the smells and noises entering her apartment (*Id.* ¶¶ 96, 98, Exhibit 1 to the Am. Compl. ECF No. 29, p. 41-42.)

MacNeal alleges that CCHR is racially biased and favored her downstairs neighbors because they "are named Idalia and Joselyn Martinez". (*Id.* ¶102.) MacNeal concedes that she placed a cease and desist letter on her downstairs neighbor's door and that she used a back vibrator on her floor as a "noise deterrent" against her downstairs neighbor. (*Id.* ¶101(d)-(e).) MacNeal concedes that CCHR closed her matter after the mediation concluded with MacNeal rejecting the reasonable accommodation proposals. (*Id.* ¶ 100 and Exhibit 1 to the Complaint, ECF No. 29 at p. 40.)

MacNeal further concedes that the Commission explained to her that it was declining to move forward with a complaint on her behalf because it had already secured offers from her landlord of reasonable accommodations and would not be able to demand "eviction of another tenant as a reasonable accommodation". (Exhibit 1 to the Am. Compl. ECF No. 29, p. 40.)

MacNeal further alleges that in 2017, the CCHR filed and then later dismissed for administrative convenience an unrelated claim MacNeal brought against the New York City Department of Homeless Services, Camba, and Project Renewal, Inc., stemming from her stay at a homeless shelter.[3] (*Id.* ¶¶ 87-91.) Although MacNeal alleges she suffered from racial mistreatment at the homeless shelter – noting that her requests to the shelter "were regarded as a sort of 'white privilege' by a staff that were entirely made up of black and Hispanic employees" – she does not allege that she suffered from discriminatory or other ill treatment by CCHR staff. (*Id.* ¶¶ 87-91.)

---

[3] *Kelly MacNeal v. New York City Department of Homeless Services, Camba, Project Renewal, Inc.*, M-H-DR-17-11266, M-H-DR-17-23372, M-H-DR-17-23377.

Ms. MacNeal nonetheless alleges, without asserting any factual basis, that the 2017 complaint was dismissed because Ms. MacNeal is Caucasian. (*Id.* ¶¶ 91-93.) In fact, the CCHR "may, in its discretion, dismiss a complaint for administrative convenience at any time prior to the taking of testimony at a hearing" because "prosecution of the complaint will not serve the public interest." Administrative Code of the City of New York ("Ad. Code") § 8-113. Such dismissals do not act as adjudication of underlying rights; have no collateral estoppel or res judicata effect; and toll the statute of limitations for bringing a claim. *Id.*; Ad. Code § 8-502(b), (d) (following an administrative convenience dismissal "an aggrieved person shall maintain all rights to commence a civil action pursuant to this chapter as if no such complaint had been filed" and the statute of limitations is tolled).[4]

MacNeal states that on May 6, 2022 she sent an email to *inter alia* CCHR staff, which is attached to her Amended Complaint as Exhibit 2. It reads as follows:

> "My oxygen is low again (see photo). I am having chest pains and shortness of breath. And MY HEAD IS EXPLODING IN PAIN…. THROBBING THROBBING THROBBING!!!!!!!!!!!!!!!!

> "I am gong [*sic*] to kill myself if this doesn't stop! I have no where else to escape to and I CAN NOT LIVE LIKE THIS!!!!!!!!!!!!!!

> "You are killing me slowly…. Why should I suffer. I should just end it quickly… I can't stand the pain.

> "Kelly MacNeal"

Exhibit 2 to the Amended Complaint, ECF No. 29, p. 59 (emphasis own).

MacNeal alleges that the email was "hyperbolic", that CCHR staff should have known it was not a serious suicide threat, and blames CCHR for the welfare check and hospitalization that followed, claiming they were retaliatory. (Am. Compl. ¶¶ 116-133, 137-38.)

---

[4] Dismissals for administrative convenience may be subject to judicial review in New York State Court. Ad. Code § 8-123.

MacNeal claims that because her email should not have been taken at face value, it was unlawful imprisonment for first responders to take her to the hospital for a mental health evaluation. (*Id.* ¶¶ 129, 154, 158.) She alleges first responders used excessive force although she concedes she did not suffer any physical injuries, only purely psychological and emotional ones. (*Id.* ¶ 139, 155-56.) MacNeal also alleges the first responders' conduct was defamatory because some neighbors and building staff witnessed the act. (*Id.* ¶¶ 134-136, 157.) Finally, she alleges negligent supervision and negligent training of CCHR and first responders. (*Id.* ¶ 159.)

Ms. MacNeal seeks punitive damages, which a municipality is immune from under § 1983, as well as compensatory damages. (*Id.* ¶¶ 161-167.)

## STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). A complaint must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *see also Twombly*, 550 U.S. at 557 (complaint insufficient if it tenders "naked assertion[s]" devoid of "further factual enhancement"). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008) (courts are "not bound to accept 'conclusory allegations or legal conclusions masquerading as factual conclusions'" (quoting *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002))).

## ARGUMENT

The Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state any plausible basis for relief.

## I.  PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983

MacNeal provides no facts that allege that the City of New York may be held liable under § 1983, as the City – and employees identified in their official capacity[5] – may only be held liable under § 1983 "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 692 (1978)).

To make out such a claim, the plaintiff must plausibly allege one of four different types of violations: (1) the existence of a formal policy, officially promulgated or adopted by a municipality, *Monell*, 436 U.S. at 690; (2) the official responsible for establishing policy, with

---

[5] When a Plaintiff names current or former City employees in their official capacity, the claims are in effect brought against the City and the same standards apply. *Reynolds v. Giuliani*, 506 F.3d 183, 191 (2d Cir. 2007) ("An official capacity suit against a public servant is treated as one against the government entity itself.") (citations omitted); *Aikman v. Cnty. of Westchester*, 491 F.Supp.2d 374, 380 (S.D.N.Y. 2007) ("Suits against [municipal] officials sued in their official capacity … should be treated as suits against the [municipality].") (citation omitted); *Shamilov v. City of New York*, No. 20-CV-10224, 2024 U.S. Dist. LEXIS 29613, at *7-8 (S.D.N.Y. Feb. 21, 2024) ("Because the City has been named as a defendant in this action for what appears to be the same conduct, all claims against the Individual Defendants in their official capacity are duplicative.") (citations omitted).

respect to the subject matter in question to the specific action, caused the alleged violation of the plaintiff's rights, *Pembaur v. City of Cincinnatti*, 475 U.S. 469, 483-84 (1986) (plurality opinion); (3) the existence of an unlawful practice by subordinate officials so permanent and well settled to constitute "custom or usage," with proof that this practice was so manifest as to imply the acquiescence of policy-making officials, ,*City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-30 (1985) (plurality opinion); *Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 871 (2d Cir. 1992); or (4) a failure to train or supervise that amounts to "deliberate indifference" to the rights of those with whom the municipality's employees interact, *City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Jenkins v. City of New York*, 478 F.3d 76, 94 (2d Cir. 2007).

But even pleading one of the four above violations is not enough. The plaintiff must also plead facts that would show a "direct causal link between municipal policy or custom and the alleged deprivations." *City of Canton v. Harris*, 489 U.S. at 385. Thus, the plaintiff must plausibly allege that, through deliberate conduct, the city was the "moving force" behind the constitutional violation. *Id.* at 389 (internal quotation marks omitted); *Cash v. Cty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

Here, Plaintiff utterly fails to establish that any pattern and practice by the City that deprived her of any right guaranteed by the United State Constitution. Accordingly, MacNeal's claims should be dismissed.

A.  **The amended complaint does not allege a pattern or practice of violating the Fourteenth Amendment in addressing complaints before the CCHR**

The amended complaint does not allege any well pleaded facts demonstrating that the City has a pattern or practice of violating the Fourteenth Amendment of the United States Constitution or otherwise violating § 1983 in addressing complaints before the CCHR.

The amended complaint conclusory asserts that the CCHR has a pattern and practice of engaging in "anti-Caucasian bias" in violation of § 1983 (Amended Complaint ¶ 92) because Plaintiff is dissatisfied with the way the Commission handled unrelated issues she brought to them in 2017 and 2022. However, the CCHR's handling of Plaintiff's concerns neither demonstrates bias, nor a pattern and practice of bias. Plaintiff does not identify any indicia of bias in connection with the complaint she filed with the Commission in 2017. The amended complaint merely asserts that her 2017 complaint was duly filed by the CCHR, but was later dismissed for administrative convenience.

With respect to the 2022 complaint, Plaintiff asserts that Commission staff made several stray remarks that she found offensive, but concedes that the Commission engaged in lengthy mediation on her behalf and that her landlord offered reasonable accommodations during the mediation. Petitioner was ultimately dissatisfied with the mediation because it did not result in the eviction of her downstairs neighbor. (Exhibit 1 to the Am. Compl., ECF No. 29, p. 41-42.) ("They just need to make her stop smoking. If she won't, then being evicted is the punishment. She has an option. Unfortunately, I don't!") These facts do not establish bias or violation of the Fourteenth Amendment, much less a pattern or practice of same. Although the amended complaint alleges in a conclusory fashion that the City failed to properly train CCHR staff, Am. Compl. ¶ 59, it asserts no facts in support of this bald assertion.[6]

Furthermore, neither the 2017 administrative convenience dismissal nor the 2022 mediation impacted Ms. MacNeal's Fourteenth Amendment due process rights or other constitutional rights. The 2017 administrative convenience dismissal was not an adjudication of

---

[6] The same allegation is made against "police officers" and "EMS" responders, without elaboration. This falls far short of making the required showing that supervision or training "evidenc[es] a deliberate indifference to the rights of [City] inhabitants." *Pendleton v. City of New York*, 44 A.D.3d 733, 736-37 (2007).

Ms. MacNeal's claims against her homeless shelter. To the contrary, although filing a complaint before the CCHR generally acts as an election of remedies, and prohibits the complainant from filing her claims elsewhere, Administrative Code of the City of New York § 8-503(a), a dismissal for administrative convenience annuls the election of remedies and allows the claimant to "commence a civil action … as if no such complaint had been filed." § 8-502(b); *Pan American World Airways, Inc. v. New York State Human Rights Appeall Bd.*, 61 N.Y.2d 542, 548 (1984). An administrative convenience dismissal therefore does not implicate due process rights. *Id.* at 548-549 (No due process violation where, after dismissal for administrative convenience, plaintiffs retained their right to assert a human rights law claim). Similarly, because the CCHR did not file a complaint on Plaintiff's behalf in 2022, there was no determination of her underlying claim against her landlord, and she remained free to pursue her claims in another forum if she wished

The amended complaint does not state a claim under § 1983 in connection with the Commissions handling of Plaintiff's complaints before the agency and accordingly, claims on this basis should be dismissed.[7]

**B.    The amended complaint does not allege a pattern or practice of unlawful imprisonment**

The amended complaint alleges that Plaintiff was unlawfully imprisoned and that her Fourteenth Amendment due process rights were violated because, she alleges, CCHR

---

[7] For the same reason, the Court should dismiss Plaintiff's claim that CCHR violated of 42 U.S.C. §§ 1985 and 1986 by conspiring to deprive her of her Fourteenth Amendment right to avail herself of the rights and protections afforded to her by various federal, state and local. In order to bring claims of conspiracy against the City or its employees in their official capacity under §§ 1985 and 1986, a plaintiff must allege "a policy, custom or practice" *Stuyvesant v. Crane*, No. 23-CV-4394, 2023 U.S. Dist. LEXIS 130880, at *15-16 (S.D.N.Y. Jul 27, 2023); *see Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979) (claims under Section 1985); *Komatsu v. City of New York*, No. 20-CV-6510, 2020 U.S. Dist. LEXIS 196550, at *15 (S.D.N.Y. Oct. 21, 2020) (claims under §§ 1983 and 1986), aff'd sub nom., *Komatsu v. Cubesmart*, No. 20-3676, 2021 U.S. App. LEXIS 37504 (2d Cir. Dec. 20, 2021) (summary order). No such policy has been alleged here. Furthermore, any claims under §1986 must be predicated upon a valid §1985 claim, *Jones v. Nat'l Commun. & Surveillance Networks*, 409 F.Supp.2d 456, 473 (S.D.N.Y. 2006) (quoting *Brown v. City of Oneonta*, 221 F.3d 329, 342 (2d Cir. 2000) and *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993), which has not been made out here.

unnecessarily requested a welfare check on Plaintiff, first respondents conducted the welfare

check, and first responders transported Plaintiff to a hospital for a psychiatric evaluation. Am.

Compl. ¶ 154. Plaintiff does not make any allegations as to any pattern or practices of the City in

connection with this allegation.  Accordingly, her claims should be dismissed.

Furthermore, the events alleged in the Complaint, even if true, would not state a

claim for relief. While Plaintiff characterizes the welfare check and mental health evaluation as

unjustified and unnecessary, she concedes that they were prompted by an email she sent to CCHR

threatening to end her own life, stating:

> "My oxygen is low again (see photo). I am having chest pains and shortness of
> breath. And MY HEAD IS EXPLODING IN PAIN…. THROBBING
> THROBBING THROBBING!!!!!!!!!!!!!!!!

> "I am gong [*sic*] to kill myself if this doesn't stop! I have no where else to escape
> to and I CAN NOT LIVE LIKE THIS!!!!!!!!!!!!!!

> "You are killing me slowly…. Why should I suffer. I should just end it quickly…
> I can't stand the pain.

> "Kelly MacNeal"

Exhibit 2 to the Amended Complaint, p. 59 (emphasis own).

Certainly, under these circumstances, it was reasonable for staff at the CCHR to

request a welfare check and for first responders to conduct one.  *See e.g Guan v. City of New York*,

37 F.4th 797, 804-5 (2d Cir. 2022) (citing *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir.

2003); *Heller v. Bedford Cent. Sch. Dist.*, 144 F.Supp.3d 596, 621-22 (S.D.N.Y. 2015), aff'd, 665

Fed. Appx. 49 (2d Cir. 2016); *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006).  The fact that

Plaintiff did not believe she needed help does not make the City's conduct any less reasonable.

*See e.g.*, *Barkai v. Mendez*, No. 21-CV_4050, 2024 U.S. Dist. LEXIS 35845, at *50 (S.D.N.Y.

Feb. 21, 2024) (quoting *Barkai v. Nuendorf*, No. 21-CV-4060, 2023 US Dist LEXIS 54359, at *29

(S.D.N.Y. Mar. 29, 2023)*,* itself quoting *Ehlers v. City of Rapid City*, 846 F.3d 1002, 1011 (8th

Cir. 2017)). To the extent Plaintiff is unhappy that she was held overnight for observation following her evaluation by mental health professionals, this conduct does not appear to be alleged to be attributable to the City or its employees.[8]

**C.     The Amended Complaint does not allege a pattern or practice of excessive force**

The amended complaint further alleges that Plaintiff was subject to excessive force in violation of § 1983 when she was transported to the hospital for evaluation.[9] Compl. ¶ 155. Again, this allegation is not supported by any assertions as to the practices and policies of the City and therefore must be dismissed. *See Pembaur*, 475 U.S. at 480; *Lewis v. City of New York*, No. No. 07-CV-7258, 2010 U.S. Dist. LEXIS 68700, at *14-15 (S.D.N.Y. Jun. 29, 2010).

In any event, to state a cause of action for excessive force under § 1983, a "plaintiff must have sustained some injury." *Marom v. City of New York*, No. 15-CV-2017, 2016 U.S. Dist. LEXIS 28466, at *6 (S.D.N.Y. Mar. 7, 2016); *Dawson v. City of Mount Vernon*, No. 18-CV-1044, 2023 U.S. Dist. LEXIS 197954, at *11 (S.D.N.Y. Nov. 2, 2023). "Emotional pain and suffering cannot form the basis of an excessive force claim." *Davis v. United States*, No. 03-CV-1800, 2004 U.S. Dist. LEXIS 2551, at *10 (S.D.N.Y. Feb. 19, 2004). Here, Plaintiff does not allege any physical injuries and therefore fails to state a claim.[10]

---

[8] The Amended Complaint makes references to "retaliation," apparently in connection with the welfare check and subsequent psychological evaluation, and purports to assert a cause of action under § 1983 and the common law. Am. Compl. ¶ 158. However, it is not clear what this assertion refers to and it is nothing more than a conclusory allegation that should be dismissed. *Iqbal*, 556 U.D. at 678; *Rolon*, 517 F.3d at 149.

[9] The claim of excessive force does not exist in state law.

[10] The Amended Complaint purports to assert a defamation claim pursuant to § 1983, stemming from her neighbors witnessing first responders transporting her to the hospital. Am. Compl, ¶¶ 134-36. But, defamation is generally not actionable under § 1983. *Paul v. Davis*, 424 U.S. 693, 701 (1976), and Plaintiff does not identify any statements that she alleges to be defamatory, rendering this cause of active defective. MacNeal also makes a variety of other claims purportedly under § 1983 that do not implicate constitutional rights, and are instead purely state law claims. Am. Compl. ¶¶ 156-57, 159. These claims appear to be for negligent infliction of emotional distress, intentional infliction of emotional distress, negligent supervision and negligent training. *Zherka v. Amicone*, 634 F.3d 642, 464-66 (2d Cir. 2011). For this reason, they will be addressed in section III below.

**D.    Defendants are immune from punitive damages under 42 U.S.C. § 1983**

In addition, MacNeal's claims for punitive damages fail because "[a] municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## II.    PLAINTIFF'S STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF JURISDICTION

The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Where, as here, federal claims must be dismissed at the outset of the litigation, federal courts should dismiss state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). In any event, Plaintiff's state law claims fail to state a cause of action.[11]

## III.    PLAINTIFF FAILS TO STATE A CLAIM UNDER NEW YORK COMMON LAW

Plaintiff's claims for unlawful imprisonment are subject to the same standards under state and federal law. *Wheeler v. City of Middletown*, No. 16-CV-8857, 2021 U.S. Dist. LEXIS 102770, at *7-8 (S.D.N.Y. Jun. 1, 2021); *Jaegly v. Couch*, 439 F.3d 149, 151 (2d Cir. 2006). Thus because, as discussed above, the City's conduct was reasonable, Plaintiff's claims here must fail.

MacNeal also purports to bring a defamation claim, alleging that first responders' actions were defamatory because Plaintiff's neighbors and building staff observed them. However, the elements of a defamation claim are: (1) a written defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability." *Palin v. New York Times Co.*, 940 F.3d

---

[11] Defendants note that plaintiff has dropped all New York State Civil Rights Law and New York City Human Rights Law claims in her Amended Complaint, therefore those statutes will not be addressed.

804, 809 (2d Cir. 2019). Actions are not statements, and MacNeal does not allege that any Defendant made statements to any neighbors or building staff. Therefore, her defamation claim should be dismissed.

Similarly, the Amended Complaint does not state a claim for negligent infliction of emotional distress or intentional infliction of emotional distress, as it does not allege ""(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co*, 81 N.Y.2d 115 (1993). Nor does it allege "(1) a breach of a duty owed to the plaintiff; (2) emotional harm; (3) a direct causal connection between the breach and the emotional harm; and (4) circumstances providing some guarantee of genuineness of the harm." *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021). These claims should therefore be dismissed.

Finally, the Amended Complaint also includes a claim of negligent supervision and training. However, MacNeal is not alleging that any Defendant acted outside the scope of their employment, and is in fact suing each individual in their official capacity. Therefore, this claim must be dismissed. *Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013); *Gurevich v. City of New York*, No. 06-CV-1646, 2008 U.S. Dist. LEXIS 1800, at *20 (S.D.N.Y. Jan. 10, 2008) (collecting cases); *Rowley v. City of New York*, No. 00-CV-1793, 2005 U.S. Dist. LEXIS 22241, at *12 (S.D.N.Y. Sept. 30, 2005).

## CONCLUSION

Ms. MacNeal has failed to state any plausible claim for relief. Defendants respectfully request that the Court dismiss the Complaint with prejudice and grant Defendants such other relief as the Court deems just and proper.

Dated:    New York, New York
           April 5, 2024

> Hon. Sylvia O. Hinds-Radix
> Corporation Counsel of the City of New York
> *Attorney for Defendants*
> 100 Church Street, 20th Floor
> New York, NY 10007
> (212) 356-4050
> bisaias@law.nyc.gov

By: _____
       Bianca C. Isaias
       *Assistant Corporation Counsel*