UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELLY MACNEAL,

                      Plaintiff,                      **ORDER**

          -against-                        **24-CV-6017 (LGS) (JW)**

STATE OF NEW YORK *et al.*,

                      Defendants.
------------------------------------------------------------------X
KELLY MACNEAL,

                      Plaintiff,                    **23-CV-5890 (LGS) (JW)**

          -against-

CITY OF NEW YORK *et al.*,

                      Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

       On January 10, 2025, Judge Schofield referred this case for general pre-trial and dispositive motions. Dkt. No. 49. On the same day Judge Schofield referred the related case <u>MacNeal v. City of New York, *et al.*</u> 23-cv-5890 (LGS) (JW), for general pre-trial only. <u>MacNeal</u>, 23-cv-5890 at Dkt. No. 37. On January 13, 2025, *pro se* Plaintiff Kelly MacNeal ("Plaintiff") filed a letter requesting that Judge Schofield disqualify this Court from both cases. Dkt. No. 50. This Court treats Plaintiff's January 13th letter as a motion to recuse this Court pursuant to 28 U.S.C. Section 455.

       Section 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [herself] in any proceeding in which [her] impartiality

might reasonably be questioned." 28 U.S.C.A. § 455(a).  Section 455(b) provides in relevant part that a judge should also disqualify herself "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. at § 455(b).

"Recusal motions are committed to the sound discretion of the district court." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007).  "[W]here the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited. As we have stated, a judge is as much obliged not to recuse [herself] when it is not called for as [she] is obliged to when it is." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001) (cleaned up).

Plaintiff argues that that "Magistrate [Judge][1] Willis' prior position as Director of Strategic Litigation for Federal Defenders of New York poses a clear conflict of interest." Dkt. No. 50.  Plaintiff supports her argument by listing statements by the Federal Defenders against racism. Id.  She then suggests that some of the Federal Defenders of New York's statements in the wake of the George Floyd killing "clearly show that their use of the term 'systemic racism,' is not equally applied to all races, but is itself an anti-Caucasian attack, which promotes the very racial tensions and 'reverse-racism' at the heart of Plaintiff's case." Id.  Plaintiff concludes that "[i]t is

---

[1] In Plaintiff's motion for recusal, she often uses the phrase "Magistrate Willis." Dkt. No. 50.  This Court notes that the Judicial Improvements Act of 1990 changed the title from "magistrate" to "magistrate judge."  See Ruth Dapper, A Judge by Any Other Name? Mistitling of the United States Magistrate Judge, 9 Fed. Courts L. Rev. 1, 5-6 (2015); see also Bormuth v. Whitmer, 548 F. Supp. 3d 640, 642 n.1 (E.D. Mich. 2021).

reasonable for Plaintiff to question Magistrate [Judge] Willis' impartiality on issues central to Plaintiff's case, as these issues arise directly from Defendant's misguided attempts to achieve goals similar to those sought by Magistrate [Judge] Willis in her prior position with Federal Defenders of New York."

Plaintiff later notes that "Magistrate [Judge] Willis' race has absolutely nothing to do with Plaintiff's fears of her impartiality.  Several of the Defendants are Caucasians.  The problem is not the race of the person enacting the policies at question… it is the policies themselves." Dkt. No. 50.

This Court has no personal bias or prejudice against any Party in this matter. Plaintiff's interpretation of what the use of the term "systemic racism" by the Federal Defenders of New York may mean does not establish that this Court has a personal bias or prejudice against any Party in this matter.  Finally, this Court's background as the Director of Strategic Litigation for the Federal Defenders of New York, combined with theories of the case surrounding discrimination or racism, does not give rise to partiality by this Court. See Paschall v. Mayone, 454 F. Supp. 1289, 1299–1301 (S.D.N.Y. 1978) (denying motion to recuse in a civil rights case where the Judge was previously Assistant Special Counsel to the N.A.A.C.P.); see also Blank v. Sullivan & Cromwell, 418 F. Supp. 1, 4 (S.D.N.Y. 1975) ("if background or sex or race of each judge were, by definition, sufficient grounds for removal, no judge on this court could hear this case, or many others, by virtue of the fact that all of them were attorneys, of a sex, often with distinguished law firm or public service backgrounds.") (Motley, J.).  Therefore, Plaintiff's motion to recuse is **DENIED**.

3

**The Clerk of Court is respectfully requested to file this order in both above-captioned cases.**

SO ORDERED.

DATED:   New York, New York
         February 10, 2025

_Jennifer E. Willis_
JENNIFER E. WILLIS
United States Magistrate Judge