UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
: 
KELLY MACNEAL, :
                      Plaintiff, :
:   23 Civ. 5890 (LGS)
        -against- :
:   **ORDER**
CITY OF NEW YORK, et al., :
                     Defendants. :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, Plaintiff, proceeding pro se, seeks (1) reconsideration of the February 27, 2025, Opinion and Order (the "Opinion") granting in part and denying in part Defendant's motion to dismiss and (2) consolidation of this case, No. 23 Civ. 5890, with another case filed by Plaintiff, *MacNeal v. State of New York*, No. 24 Civ. 6017.

    WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *accord Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 4987405, at *1 (S.D.N.Y. Dec. 5, 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Otrompke*, 2024 WL 4987405, at *1. "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). Because Plaintiff proceeds pro se, her submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of*

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

*New York*, 68 F.4th 123, 127 (2d Cir. 2023).  Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

WHEREAS, Plaintiff argues that her 42 U.S.C. § 1983 claims against the New York City Human Rights Commission ("CCHR") -- for (1) its refusal to file a disability complaint against Plaintiff's landlord and (2) its misrepresentation to Plaintiff that she had no disability rights -- should not be dismissed for failure to allege racial discrimination because her claims were based on disability discrimination instead.

WHEREAS, this argument is unpersuasive because freedom from disability discrimination is a right secured in the Americans with Disabilities Act (the "ADA"), which "contains its own structure for private enforcement" and thus is not actionable under § 1983. *Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *see Medina v. City of New York*, No. 20 Civ. 3763, 2023 WL 6276682, at *9 (S.D.N.Y. Sept. 26, 2023) ("[C]ourts consistently decline to permit § 1983 actions based on violations of the ADA or Rehabilitation Act").

WHEREAS, to the extent that Plaintiff's claims can be construed as ADA claims, the Amended Complaint does not sufficiently plead them.  To allege an ADA violation, a plaintiff must show that her "disability made it difficult in any way for her to access benefits . . . that were available to" similarly situated persons who were not disabled.  *Tardif v. City of New York*, 991 F.3d 394, 405 (2d Cir. 2021).  No ADA violation exists when "an individual challenges the substance of the services provided -- rather than illegal discrimination." *Id.*  The Amended Complaint does not allege that CCHR treated Plaintiff less well *because of* her disability; rather, the Amended Complaint alleges that CCHR provided incorrect interpretations of Plaintiff's

disability rights, which goes to "the substance of the services provided" by CCHR. *Id.* As explained in the Opinion, the term "concierge service" used by a CCHR employee is not inherently discriminatory. CCHR's refusal to bring a complaint on behalf of Plaintiff is not a constitutional or ADA violation.

WHEREAS, Plaintiff argues that CCHR retaliated against her by reporting her suicide threat, knowing that calling the police would only intimidate, not help, Plaintiff. This argument is unavailing because the Opinion dismissed Plaintiff's retaliation claim for a different reason -- failure to allege causation, i.e., failure to allege facts showing that CCHR called the police in response to her stated intent to sue CCHR. As explained in the Opinion, CCHR took no action after Plaintiff's stated her intent to sue, the protected activity against which CCHR allegedly retaliated. Rather, the police report (assuming it was made by CCHR) apparently was motivated by Plaintiff's email stating her suicidal intention. Plaintiff's argument that CCHR possessed prior evidence of police misconduct against Plaintiff does not alter the analysis. While CCHR's alleged knowledge of Plaintiff's encounters with police officers may have turned the police report into "an adverse action," the Amended Complaint does not adequately plead "a causal connection between this adverse action and the protected speech" required for a retaliation claim. *Quinones v. City of Binghamton*, 997 F.3d 461, 466 (2d Cir. 2021).

WHEREAS, Plaintiff argues that the excessive force claim should not be dismissed because the police officers were put on notice of Plaintiff's injuries and had a duty to accommodate them. This argument is unpersuasive because, as explained in the Opinion, the Amended Complaint does not allege a municipal policy necessary to state a § 1983 claim against the City, nor does the Amended Complaint allege a sufficiently grave injury to state an excessive force claim against any Defendant. To the extent that this argument can be construed as

advancing a failure-to-accommodate claim under the ADA instead, the Amended Complaint does not allege that Plaintiff "requested an accommodation" or was denied any requested accommodation. *Fishman v. City of New Rochelle*, No. 19 Civ. 265, 2025 WL 268613, at *4 (S.D.N.Y. Jan. 22, 2025) ("The duty to provide a reasonable accommodation is not triggered until a specific demand for an accommodation has been made.").

WHEREAS, Plaintiff also moved to consolidate this case with another case filed by Plaintiff in this District, *MacNeal v. State of New York, et al.*, No. 24 Civ. 6017. "A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions." *In re Repetitive Stress Inj. Litig.*, 11 F.3d 368, 373 (2d Cir. 1993); *accord Mitsubishi Logistics Americas Corp. v. Ocean Network Express Pte. Ltd.*, No. 20 Civ. 6319, 2021 WL 168492, at *1 (S.D.N.Y. Jan. 4, 2021). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 76 (2018); *accord Melville v. HOP Energy, LLC*, No. 21 Civ. 10406, 2024 WL 2240280, at *3 (S.D.N.Y. May 17, 2024).

WHEREAS, the two cases are too dissimilar to warrant consolidation. Although the legal theories are similar, the two cases are against different defendants -- City defendants and State defendants, respectively. And the two cases arise out of separate incidents that took place approximately a year apart. Consequently, the discovery in the two cases is entirely distinct. The claims in both cases need to be adjudicated separately because they are fact-specific and depend on different sets of facts. Consolidation would not enhance judicial efficiency. It is hereby

**ORDERED** that Plaintiff's motion for reconsideration and consolidation is **DENIED**.

Dated: April 4, 2025
New York, New York

*[signature]*

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

4