UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
    KELLY MACNEAL,
                                Plaintiff,
                                                      23 Civ. 5890 (LGS)
                -against-
                                                       **ORDER**
    CITY OF NEW YORK, et al.,
                                Defendants.
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiff, proceeding pro se, seeks reconsideration of the April 4, 2025, Order (the "Order"). The Order denied Plaintiff's first motion (1) for reconsideration of the February 27, 2025, Opinion and Order (the "Opinion"), which granted in part and denied in part Defendant's motion to dismiss, and (2) for consolidation of this case, No. 23 Civ. 5890, with another case filed by Plaintiff, *MacNeal v. State of New York*, No. 24 Civ. 6017 (LGS) (JW) (S.D.N.Y.) ("*MacNeal II*").

**Applicable Law**

       WHEREAS, the decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009);[1] *accord Otrompke v. First Dep't Comm. on Character & Fitness*, No. 22 Civ. 4676, 2024 WL 4987405, at *1 (S.D.N.Y. Dec. 5, 2024). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012); *accord Otrompke*, 2024 WL 4987405, at *1. "[C]ourts will not address new

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, emphases, footnotes and citations are omitted, and all alterations are adopted.

arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 590 U.S. 504, 508 (2020). Because Plaintiff proceeds pro se, her submissions are liberally construed "to raise the strongest arguments that they suggest." *Barnes v. City of New York*, 68 F.4th 123, 127 (2d Cir. 2023). Nonetheless, pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023).

**<u>No Claim Based on CCHR's Refusal to Assert a Disability Claim on Plaintiff's Behalf</u>**

WHEREAS, Plaintiff argues that further reconsideration is warranted because the Order misconstrues her 42 U.S.C. § 1983 claims against the New York City Commission on Human Rights ("CCHR"). Plaintiff argues that her claims arise out of CCHR's "failure to provide legal assistance in enforcing disability laws" for her. In other words, Plaintiff challenges CCHR's decision not to file a complaint or take other action on Plaintiff's behalf against Plaintiff's landlord for violation of disability laws.

WHEREAS, this claim is not viable because there is no constitutional or federal statutory right to have CCHR bring a claim or enforce the rights of a private plaintiff. Violation of a constitutional or federal statutory right is a requirement for a § 1983 claim. 42 U.S.C. § 1983 (providing remedy for "deprivation of any rights . . . secured by the Constitution and laws" of the United States); *see Friend v. Gasparino*, 61 F.4th 77, 93 (2d Cir. 2023) (requiring deprivation of a constitutional right as an element of a § 1983 claim). In an analogous context, the District of Connecticut dismissed a § 1983 claim, explaining, "[b]ecause Title VII does not create a federal right to an effective state investigation, [the] plaintiff cannot assert a claim under section 1983 based solely upon the state defendants' failure to provide an effective state investigation." *Holt v. Cont'l Grp., Inc.*, 631 F. Supp. 653, 658 (D. Conn. 1985), *aff'd sub nom. Holt v. Cont'l Grp.*,

788 F.2d 3 (2d Cir. 1986).  Similarly, because neither the Equal Protection Clause nor the Americans with Disabilities Act creates a federal right to a municipal agency's enforcement of a private plaintiff's rights, the Amended Complaint does not state a legally sufficient § 1983 claim based on CCHR's failure to advance Plaintiff's potential claims against her landlord.

**Dismissal of the Excessive Force Claim**

WHEREAS, Plaintiff further argues that the dismissal of the excessive force claim against the police officers failed to account for Plaintiff's mental trauma.  The Amended Complaint alleges that Plaintiff felt humiliation resulting from her landlord and neighbors witnessing her arrest, that she bore the psychological trauma from the officers' physical assault and false imprisonment and that her blood tests came back with abnormalities which medical providers could not explain.  The Amended Complaint does not allege additional physical injuries as Plaintiff's instant motion confirms that the police officers "spared [her] the physical assault" in this encounter.  "A successful excessive force claim requires sufficient evidence to establish that the alleged use of force was serious or harmful enough to be actionable."  *Greene v. City of New York*, 725 F. Supp. 3d 400, 421 (S.D.N.Y. 2024).  "Vague assertions of harm such as these [without identification of a physical injury beyond temporary discomfort] are insufficient to support a claim of excessive force."  *McMillan v. Cap. One Bank, N.A.*, No. 20 Civ. 7981, 2022 WL 799661, at *5 (S.D.N.Y. Mar. 16, 2022).

**Recognizing a Failure-to-Accommodate Claim Against the Police Officers**

WHEREAS, Plaintiff further argues that the Order should not have dismissed her failure-to-accommodate claim against the police officers because Plaintiff "made [her] need for a duty of care and reasonable accommodation very clear."  Despite including allegations that would support a failure-to-accommodate claim, the Amended Complaint never asserted this cause of

action.  Ordinarily, a motion to reconsider "is not a vehicle for . . . presenting the case under new theories" that Plaintiff "could have raised" before the Opinion or the Order was issued. *Analytical Survs., Inc.*, 684 F.3d at 52; *Banister*, 590 U.S. at 508.  However, the Court construes pro se submissions liberally and reads them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).  The Amended Complaint is therefore deemed to assert a cause of action under Title II of the Americans with Disabilities Act (the "ADA") against the unidentified police officers.

WHEREAS, the factual allegations in the Amended Complaint support a failure-to-accommodate claim against the police officers who subjected her to a psychological evaluation.  Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  "To plead a violation of Title II of the ADA, a plaintiff must allege that she is a qualified individual with a disability; (2) that she was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to her disability." *Greene*, 725 F. Supp. 3d at 424.

WHEREAS, construed most favorably to Plaintiff, the Amended Complaint adequately pleads a failure-to-accommodate claim under the ADA.  The Amended Complaint alleges that Plaintiff warned the officers of her back injuries, but the officers disregarded them.  The officers shoved Plaintiff into an unstable portable chair and strapped her to it, which caused her back injury to spasm.  Taken as true, the Amended Complaint alleges that Plaintiff is a qualified individual with a disability; that she suffered greater injury than others without disabilities who

4

were subject to involuntary evaluations; and that greater injury resulted from the conduct of officers who knew but consciously disregarded her disability. *See Felix v. City of New York*, 344 F. Supp. 3d 644, 665-66 (S.D.N.Y. 2018) (refusing to dismiss ADA claim based on the city's failure to accommodate individuals with schizophrenia by failing to train police officers of accommodations including "delaying, where safety concerns permit, approaching individuals in the middle of mental health crises"); *cf. Wynne v. Town of E. Hartford*, No. 3:20 Civ. 1834, 2023 WL 7339543, at *12 (D. Conn. Nov. 7, 2023) (denying summary judgment to township where officers "could have used de-escalation techniques . . . to ensure that [the deceased] was safely taken into custody for mental health treatment, instead of immediately resorting to physical force").

**Denial of Injunctive Relief Against Plaintiff's Landlord**

WHEREAS, Plaintiff requests a court order requiring Plaintiff's landlord to enforce the no-smoking policy with penalties that will force the landlord to comply. This request is denied because "a court generally may not issue an order against a nonparty," like Plaintiff's landlord, who is not a party to this lawsuit. *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *accord Deem v. DiMella-Deem*, No. 18 Civ. 11889, 2019 WL 1958107, at *10 n.6 (S.D.N.Y. May 2, 2019), *aff'd*, 800 F. App'x 62 (2d Cir. 2020).

**Denial of Request for Consolidation**

WHEREAS, Plaintiff seeks reconsideration of the denial of her request to consolidate this case with *MacNeal II*. Plaintiff argues that this Court's consideration of the one-year gap between the incident in this case and that in *MacNeal II* is improper because Plaintiff had continued to suffer during this year. To be clear, the Order does not trivialize Plaintiff's circumstances. Rather, the Order explains that consolidation would neither promote judicial

5

efficiency nor facilitate Plaintiff's prosecution of her cases because the discovery surrounding the two incidents would be distinct and separate. Indeed, consolidating both cases would likely delay the current case, in which the motion to dismiss has been granted in part and denied in part and discovery is ongoing. In contrast, the motions to dismiss in *MacNeal II* have not been fully briefed. It is hereby

**ORDERED** that Plaintiff's second motion for reconsideration is **GRANTED** as to Plaintiff's failure-to-accommodate claim and otherwise **DENIED**. For clarity, Plaintiff's surviving claims are the racial discrimination claims under 42 U.S.C. § 1983 and the New York City Human Rights Law regarding the CCHR's failure to file a complaint for Plaintiff against her landlord for discrimination based on her subsidized tenant status -- as explicitly pleaded in the Amended Complaint; and the ADA claim against the police officers regarding their failure to accommodate Plaintiff's back injuries -- based on the allegations in the Amended Complaint, although not pleaded as a cause of action. It is

**ORDERED** that by **July 18, 2025**, Plaintiff shall provide the City Defendant with any identifying information of the police officers she may have. By **August 1, 2025**, the City Defendant shall update the Court on its efforts to identify the police officers and provide addresses where they may be served.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: July 10, 2025
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE