UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KELLY MACNEAL,

                    Plaintiff,                    **ORDER**

           -against-                    **23-CV-5890 (LGS) (JW)**

CITY OF NEW YORK et al.,

                    Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

The Court is in receipt of two letters, one from defendant City of New York ("City") and one from plaintiff Kelly MacNeal ("Plaintiff"). Dkt. Nos. 60-61.

The joint request to stay discovery all pending discovery deadlines until the newly identified individual officer defendants are served with process and have an opportunity to respond to the amended complaint is **GRANTED**. The parties are to provide a status update no later than September 29, 2025.

Plaintiff's motion to compel the City to identify and supply service address for the FDNY EMTs is **DENIED**. Plaintiff seeks to compel the City to provide this information because they are "inextricably liable for Plaintiff's treatment." Dkt. No. 61 at 1. The relevant portion of Plaintiff's amended complaint to this motion to compel states:

> "The Police grabbed her walking cane from her, threw her into the wall and incorrectly placed handcuffs on sideways cutting into her wrist bone. The police then, without regard for Plaintiff's disabled back injuries, which Plaintiff warned them about, shoved her into an unstable portable chair/frame and strapped her in forcing her into a position that caused not only her back injury to spasm, but she was then leaning on her wrists where the sideways cuffs were digging deeper into her bone.. As she screamed in pain she was made to look completely insane."

Dkt. No. 28 at 33. Judge Schofield construed *pro se* Plaintiff's claim as a "failure-to-accommodate claim under the ADA," as

> "Plaintiff warned the officers of her back injuries, but the officers disregarded them. The officers shoved Plaintiff into an unstable portable chair and strapped her to it, which caused her back injury to spasm."

Dkt. No. 58 at 4. Discovery is generally limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Plaintiff does not establish the EMTs relevance to the ADA claim, as she does not allege that EMTs were involved in the "shov[ing of] her into an unstable portable chair." Plaintiff also cites no case law to support her request.

However, Plaintiff's motion to compel "bodycam footage from the officers involved" is **GRANTED**. The requested footage is relevant to MacNeal's claims. The City has not opposed the motion and, accordingly, has not established that the footage is privileged or unduly burdensome. Lelchook v. Lebanese Canadian Bank, SAL, 670 F.Supp.3d 51, 55 (S.D.N.Y., 2023) (citing Fed. R. Civ. P. 26(b)(1)). The City is directed to provide Plaintiff the footage no later than September 29, 2025.

SO ORDERED.

DATED:   New York, New York
         August 13, 2025

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge