**BY ECF**   November 19, 2025

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:   Kelly MacNeal v. City of New York, et al., 23 Civ. 5890 (LGS) (JW)

Your Honor:

I, Kelly MacNeal, am the Pro Se Plaintiff in the above referenced matter. By this letter motion, based on newly available evidence, namely police body-worn camera footage (BWC), Plaintiff respectfully request, pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a Second Amended Complaint to add claims arising from said newly discovered evidence.

Plaintiff wishes to claim a newly revealed warrantless, non-consensual search of her tote bag and police photographing her ID and benefit card without her permission or knowledge.

And, based on the new BWC evidence, Plaintiff also respectfully begs the Court to reconsider its prior denial of Plaintiff's request for the identities and service addresses of the FDNY EMT's (EMT's) involved in the incident central to her "failure-to-accommodate" claims against the police. The EMT's active and physical involvement in the violations of Plaintiff's rights, as defined by the ADA Title II, and their failure to safely transport her, are brutally clear on the video. As such, they must share responsibility with the police and upon obtaining their sought identities, Plaintiff requests leave to name the FDNY EMTs as co-defendants in this case.

She also requests permission to submit, under seal, still photos from the BWC footage, if necessary, as proof of her claims. This along with a supporting affidavit explaining the context of each photo.

**I. PROCEDURAL HISTORY**
1. Plaintiff commenced this action on July 7, 2023. An Amended Complaint was filed timely on March 15, 2024 (ECF No.29). Defendants filed a Motion To Dismiss on April 5, 2024 (EFC No. 33).
2. After Your Honor's decision, Plaintiff filed two motions for reconsideration and upon the second, Your Honor reinstated Plaintiff's claims against the NYPD interpreted as a "failure-to-accommodate" claim under ADA Title II and ordered the City to identify the Police Officers involved in the incident by August 1, 2025 (EFC No.58).
3. The City complied with the order and identified the police officers, but refused to identify the EMT's involved without a separate court order. On August 4, 2025 Plaintiff submitted, to the Court (EFC No. 61), her request for the EMT identities, as well as, asking the Court for an order compelling the production of police BWC footage, which the City had been refusing to produce through FOIL requests.
4. The Court's order of August 13, 2025 (EFC No. 62) compelled the delivery of the BWC footage by September 29. 2025 but denied the request for the EMT identities based on a

supposed lack of their direct physical participation in the activities central to Plaintiff's "failure-to-accommodate" claims.
5. The newly available BWC footage proves that the EMT's were in fact, as involved in the physical abuse of Plaintiff's disability rights as the police were. And should be held as liable. This request is now made under rules of new evidence.
6. The August 13, 2025 Order (EFC No. 62) also stayed all discovery deadlines at the joint request of both Plaintiff and Defendants, so as to allow for service of process to the newly named police officers and time to allow for a response. On this day, the officers have still not been served and adding service for the requested EMT's would have no adverse effect on the current status of the case or cause any undue delay.

## II. LEGAL STANDARDS
A. Reconsideration, Local Civ. R. 6.3; Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).
B. Relief from Order, Rule 60(b)(2) (newly discovered evidence); Rule 60(b)(6) (extraordinary circumstances).
C. Leave to Amend, Rule 15(a)(2) ("leave shall be freely given when justice so requires,"). Foman v. Davis, 371 U.S. 178, 182 (1962).

## III. NEWLY DISCOVERED BWC EVIDENCE
7. The BWC footage (proposed Exhibit A, filed UNDER SEAL) shows:
   a. FDNY EMTs physically forcing Plaintiff into an unstable transport chair, leaning her backwards in order to drag her along, while her full body weight rested on her unnecessarily handcuffed wrists, causing the metal cuffs to dig into her documented spinal fractures and cause unbearable pain to her injured arm;
   b. Plaintiff screaming in pain and repeatedly stating, "I am disabled! You, are hurting my injured arm and back";
   c. EMTs ignoring all pleas and refusing safe transport (e.g., stretcher) or even allowing Plaintiff to walk on her own;
   d. NYPD Officer [John Doe] searching Plaintiff's tote bag behind her back in the ambulance, removing her wallet, and photographing her ID and EBT card without consent, probable cause, or arrest, in full view of the EMTs, who are now percipient witnesses.

8. These facts directly contradict the Court's finding that EMTs were mere bystanders. They were active participants in:
   - ADA Title II failure-to-accommodate (deliberate refusal to modify transport);
   - Fourth Amendment unlawful search (officer);
   - Monell liability (City policy/training failure).

## IV. PROPOSED SECOND AMENDED COMPLAINT ADDS:
**Count X** : ADA Title II (EMTs) : Defendants were put on clear notice of Plaintiff's spinal fractures and arm injuries. (protected disabilities), heard her screams of pain, and refused to use a safe transport method (stretcher), instead dragging her backward in an unstable chair, deliberately denying a reasonable accommodation. See Schorr v. Borough of Lemoyne, 243 F. Supp. 2d 232 (M.D. Pa. 2003).
**Count Y** : Fourth Amendment (Officer John Doe): Warrantless search and seizure of wallet/ID

in ambulance without consent, exigency, or arrest. See United States v. Chadwick, 433 U.S. 1 (1977).

**Count Z** : Monell (City): Failure to train EMTs/police on ADA-compliant transport and Fourth Amendment limits during welfare checks.  See City of Canton v. Harris, 489 U.S. 378 (1989).

### V. EXCUSABLE NEGLECT / GOOD CAUSE For Delayed Motion

9. Any perceived delay the Court may find in the presentation of this motion should be excused.  The delay was due to "excusable neglect" (Rule 60(b)(1)), as viewing the BWC footage re-traumatized Plaintiff to the point of emotional and intellectual paralysis.  She cried for days and it took more than two weeks to bring herself to view the hours of footage from all the various angles.  The stress triggered several severe gallstone attacks over another two week time period and further exacerbated her TBI.  This is all on top of the ongoing, debilitating pain from migraines, triggered by the very issues underlying the disability rights violations in Plaintiff's apartment for which the City Commission On Human Rights' failure to address gave rise to the case now before this Court.  Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993).
10. Plaintiff  also made another diligent effort to find counsel, when she was feeling completely overwhelmed, but to no avail. She remains pro se.  No one will represent her due to the complexity of her case and her lack of funds.

### VI. LEAVE TO AMEND IS WARRANTED

11. No prejudice since the case is still pre-discovery; save the Defendants production of the BWC.
12. No futility as new claims are "plausible on their face" (Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).
13. Justice requires allowing Plaintiff to conform pleadings to undisputed video evidence.

### VII. REQUEST TO FILE BWC UNDER SEAL

14. Plaintiff seeks leave to file Exhibit A "under seal" to protect:
    - HIPAA medical privacy (45 C.F.R. ¬ß 164.512(e));
    - Plaintiff's safety (depicts extreme distress);
    - Law enforcement techniques.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119,Äì20 (2d Cir. 2006).

### VIII. RELIEF REQUESTED

Plaintiff respectfully requests:
1. GRANT second reconsideration and VACATE (ECF No.s 60, 62, 63) as to EMT disclosure;
2. COMPEL Defendant City to disclose within 10 days:
    - Names/badge numbers (if applicable) of all FDNY EMTs present at the incident involving the Plaintiff on May 6, 2022;
    - Current service addresses for the above;
3. GRANT leave to file Second Amended Complaint or consider the elements of this motion to be incorporated with Amended Complaint (ECF No.29) and Order (EFC No.58);
4. PERMIT BWC footage still frames (Exhibit A) "under seal";
5. GRANT such other relief as just.

                                        Respectfully Submitted,

                                        Kelly MacNeal
                                        507 W 28th St, Apt 26D
                                        New York, NY 10001
                                        212-581-3223

Cc: **VIA ECF**                                      *Pro se Plaintiff*

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Bianca C. Isaias
New York City Law Department
100 Church Street, 20th Floor
New York, NY 10007
212) 356-4050
bisaias@law.nyc.gov
*Attorney for Defendant City of New York - Assistant Corporation Counsel*