UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KELLY MACNEAL,
                              Plaintiff,          No.23-CV-05890-LGS-JW

      -against-                            MEMORANDUM OF LAW IN
                                                      SUPPORT OF MOTION TO
                                                      AMEND COMPLAINT BASED
THE CITY OF NEW YORK, et al.,                  ON NEW EVIDENCE
                            Defendants.
------------------------------------------------------------------x

**PRELIMINARY STATEMENT**

      Plaintiff, Kelly MacNeal, pro se, respectfully submits this Memorandum of Law in support of her request for Leave to File a Second Amended Complaint (SAC) based on new evidence, namely NYPD body-worn camera (BWC) footage; still-frames from which are attached as (Exhibit A, under seal).  If granted, Plaintiff also respectfully ask the Court for Reconsideration of Plaintiff's request to compel release of the identities and service addresses of 3 FDNY-EMT's to be named as additional Defendants based on the same new evidence which clearly demonstrates these individuals as being responsible for incidents complained of by the Plaintiff.  Partial names and badge numbers of the FDNY-EMT's were ascertained by the BWC footage and, on information and belief, that information is included in the proposed SAC.  However, the Plaintiff seeks confirmation and completeness of that information.

      Leave to file a Second Amended Complaint, attached as (Exhibit B) is needed to include 1) claims against Officer Coghlan, alleging a previously unknown unconstitutional search.  The SAC also seeks to reassert, with evidence previously unavailable, claims of 2) excessive force,  3) failure to train and 4) intentional and negligent infliction of emotional

distress and 5) all other claims concerning the NYPD and FDNY-EMT's; which were improperly dismissed in the absence of Plaintiff's access to the new evidence and the Count's failure to accept Plaintiff's allegations as factual during the initial motion to dismiss proceeding.

The Court's prior order (EFC No.58), did however, interpreted current claims against the NYPD officers as a "failure-to-accommodate" claim under ADA Title II and allowed that pleading to survive the Defendant's Motion to Dismiss the Amended Complaint. The evidence supplied now, unequivocally demonstrates that the FDNY-EMT's physical engaged in the behavior central to that claim.

As such, based on the new evidence, the Second Amended Complaint seeks to 6) add the 3 FDNY-EMT's as Defendants to the surviving claim of "failure-to-accommodate" under ADA Title II; and also add these FDNY-EMT's as Defendants to all other claims now reasserted against the NYPD officers, with exception to the unlawful search claim.

Plaintiff's proposed SAC does not seek to alter the surviving claims against Defendant's employed by the City Commission on Human Rights (CCHR) . Those claims therefore remain identical to the version the Court already ruled on.

The NYPD officer Defendants, as well as the proposed FDNY-EMT Defendants, are represented by different counsel than the CCHR Defendants. Therefore, requiring the CCHR attorney (Bianca C. Isaias, Assistant Corporation Counsel New York City Law Department) to file a new answer (or motion) to materially unchanged allegations would serve no purpose and waste resources. The new evidence and the proposed SAC alterations pertain to the conduct of Defendants represented by John McLaughlin, Esq., Assistant Corporation Counsel, Corporation Counsel of the City of New York,

Accordingly, Plaintiff respectfully requests that, upon granting leave to file the SAC, the Court direct that only the pertinent Defendants be required to respond within the time provided by Rule 15(a)(3) and that the CCHR Defendants not be required to file an additional answer or other response. This will promote judicial economy, avoid duplicative filings, and prevent unnecessary expense, as the claims against the CCHR Defendants remain unchanged from those previously deemed sufficient, in part, to survive dismissal by this Court's July 10, 2025 Order (EFC No.58).

Any claims against CCHR, which were dismissed, are left in the proposed SAC only to retain any right of appeal.

Plaintiff's proposed SAC also reorganized background information for clarity and removed extraneous details for efficiency without altering material substance.

**I. PROCEDURAL HISTORY**

1. Plaintiff commenced this action on July 7, 2023. An Amended Complaint was filed timely on March 15, 2024 (ECF No.29).

2. Defendants filed a Motion To Dismiss on April 5, 2024 (EFC No. 33). After the Court's decision, Plaintiff filed two motions for reconsideration and upon the second, the Court reinstated Plaintiff's claims against NYPD Defendants interpreting her claims as a "failure-to-accommodate" under ADA Title II and ordered the City to identify the Police Officers involved in the incident by August 1, 2025 (EFC No.58). The Order omitted any requirement to identify the FDNY-EMT's involved in the incident, and cited only to Plaintiff's claim that "officers shoved Plaintiff into an unstable portable chair…" without accounting for Plaintiff's references to the entire lengthy and harmful way in which Plaintiff was transported to the ambulance by FDNY-EMT's. In fact, it was two officers and one FDNY-EMT who "shoved Plaintiff into an

unstable portable chair." Much of the excruciating pain the Plaintiff was subjected to was directly due to FDNY-EMT's refusal to use the available stretcher they had at their disposal; while ignoring Plaintiff's screams of pain from their attempts to transport her in a conveyance wholly unsuited to Plaintiff's disability needs.

3. The City complied with the Order and identified the police officers; but, they refused Plaintiff's request to identify the EMT's involved without a separate court order. On August 4, 2025 Plaintiff submitted a request (EFC No. 61) asking the Court to compel disclosure of the EMT identities and compel the production of police BWC footage, which the City had been refusing to produce through FOIL requests.

4. The Court's order of August 13, 2025 (EFC No. 62) compelled the delivery of the BWC footage by September 29. 2025 but denied the request for the EMT identities, based on an insinuated lack of their direct physical participation in the activities central to Plaintiff's "failure-to-accommodate" claims.

5. The newly available BWC footage proves that the EMT's were, in fact, as involved in the physical abuse of Plaintiff's disability rights as the police were; and should be held as liable. Therefore, the request for their identities is respectfully resubmitted under rules of new evidence.

6. The August 13, 2025 Order (EFC No. 62) also stayed all discovery deadlines at the joint request of both Plaintiff and Defendants, so as to allow for service of process to the newly named police officers and time to allow for a response. The officers will need to be served the Second Amended Complaint if leave is granted to file it. Thus, simultaneously adding FDNY-EMT's as defendants and serving them with the SAC would have no adverse effect on the current status of the case or cause any undue delay.

## II. LEGAL STANDARDS

### A. Reconsideration

Reconsideration of a court's order is governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). Under Local Civil Rule 6.3, a motion for reconsideration must demonstrate that the court overlooked controlling decisions or factual matters that, if considered, would warrant a different result. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### B. Relief from Order

Rule 60(b)(2) allows for relief from a final judgment or order based on newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). Rule 60(b)(6) provides for relief from a final judgment or order for any other reason that justifies relief.

### C. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a pleading shall be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision to grant leave to amend is within the discretion of the court, and factors considered include undue delay, bad faith, futility of amendment, and prejudice to the opposing party.

## III. ARGUMENT

### A. NEWLY DISCOVERED BWC EVIDENCE

7. The BWC footage, still frames from which are submitted as (Exhibit A, UNDER SEAL) shows:

   a. NYPD officers ripping Plaintiff's walking cane from her hands and violently handcuffing her while she posed no apparent threat. (Ex A, pg 2-6);

5

b. Plaintiff crying in pain and repeatedly stating, "I am disabled!" "You,are hurting me" and "I have an injured arm and back.";

c. NYPD and FDNY EMTs physically forcing Plaintiff into an unstable transport chair while her left hand begins to swell and turn red from the handcuffs cutting off her circulation. (Ex A, pg 7);

d. Plaintiff repeatedly puts the NYPD and FDNY-EMT on notice of her disabilities and the fact that they are causing her EXTREME pain related to her existing injuries. She is completely ignored;

e. The FDNY_EMT's then take turns leaning the Plaintiff backward in order to drag her along in the flimsy and unsupportive conveyance they had strapped her into. This caused her full body weight to press on her unnecessarily handcuffed wrists, resulting in the metal cuffs digging into both Plaintiff's injured wrist and her injured back. (Ex. A, pg 8-9) Plaintiff continually begs all of them to stop and sobs in excruciating pain;

f. On numerous occasion during this long journey Plaintiff is made to scream in agony as her back spasms and the pain becomes acutely unbearable. The FDNNY-EMTs ignoring all of Plaintiff's desperate pleas, even when she was screaming in agony "MY BROKEN BACK!!!! I HAVE TWO FRACTURES IN MY BACK!!!";

g. Once at the ambulance, the images show that, in fact, the FDNY-EMT had their standard stretcher available for use. Yet, they chose to subject the Plaintiff to intentional abuse, unnecessary harm and excruciating pain by their failure to accommodate her disability needs and transport her in a safe and appropriate manner (Ex A, pg10); As a matter of fact, the images demonstrate that NO person, disabled or otherwise, should be transported in the "chair" device while handcuffed. It is inherently harmful. The fact that this was done to

    the Plaintiff while she screamed in pain from her existing back injuries is inexcusable.

h. While being transferred to the stretcher, Plaintiff's was caused to scream in agony again when Coghlan hyper-rotated her injured arm to an unnatural degree while cuffing her to the stretcher. (Ex. A pg 11-12);

i. When Officer Coghlan finally agreed to loosen the cuff on Plaintiff's injured left wrist, the BWC revealed the deep indentations and red marks on Plaintiff's wrists, (Ex.A, pg 13-15)

j. NYPD Officer Coghlan can be seen searching Plaintiff's tote bag behind her back in the ambulance. Without her knowledge, he removes Plaintiff's wallet and photographs her ID and Benefit cards without consent, probable cause, or arrest. (Ex. A, pg 16-18).

8. The evidence on the BWC footage gives rise to the need for Plaintiff to amend her complaint for a second time because:

  a. It demonstrates a basis for new claims of unlawful search and seizure.

  b. It contradicts the Court's finding that EMTs were mere bystanders and shows that they should be named as Defendants.

  c. It demonstrates the error of the Court's Order (EFC No.58) prematurely dismissing several of the Plaintiff's claims against the NYPD and FDNY-EMT Defendants. Plaintiff's factual allegation are demonstrably proven true by the BWC evidence and, therefore, support her claims which should not have been dismissed prior to discovery.

**B. LEAVE TO AMEND IS WARRANTED**

9. There exists no prejudice since the case is still pre-discovery; save the Defendants' production of the BWC.

10. The amending is not futile as new claims are "plausible on their face" (Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

11. Justice requires allowing Plaintiff to conform pleadings to undisputed video evidence.

### C. PROPOSED SECOND AMENDED COMPLAINT ADDS:

**Count A** : ADA Title II (EMTs) : Defendants were put on clear notice of Plaintiff's spinal fractures and arm injuries. (protected disabilities), heard her screams of pain, and refused to use a safe transport method (stretcher), instead dragging her backward in an unstable chair, deliberately denying a reasonable accommodation. See Schorr v. Borough of Lemoyne, 243 F. Supp. 2d 232 (M.D. Pa. 2003).

**Count B** : Fourth Amendment (Officer Coghlan): Warrantless search and seizure of wallet/ID in ambulance without consent, exigency, or arrest. See United States v. Chadwick, 433 U.S. 1 (1977).

**Count C** : Monell (City): 1) Failure to train EMTs/police on ADA-compliant transport; 2) Proper use and application of handcuffs and other restraints and 3) Fourth Amendment limits during welfare checks. See City of Canton v. Harris, 489 U.S. 378   (1989).

**Count D** : Fourth Amendment and local Law: Excessive force with deliberate indifference to a serious risk of harm.  And failure to intervene while witnessing unconstitutional abuse.

**Count E** : New York Common Law: intentional and negligent infliction of emotional distress.

**Reorganizing Background and Amending, in part, Statement of Facts** ;

   Plaintiff seeks leave to amend the "Background" section of the complaint to edit out extraneous material and restate facts more orderly.  Statement of Facts concerning the CCHR

Defendants remain unchanged. However, Plaintiff seeks to amend Facts concerning NYPD and FDNY-EMT's based on the new evidence revealed in the BWC footage.

## IV.  RELIEF REQUESTED

Plaintiff respectfully requests:

1. GRANT second reconsideration and VACATE (ECF No.s 60, 62, 63) as to EMT disclosure;

2. COMPEL Defendant City to disclose within 10 days:

   - Names/badge numbers (if applicable) of all FDNY EMTs present at the incident involving the Plaintiff on May 6, 2022;

   - Current service addresses for the above;

3. GRANT leave to file Second Amended Complaint attached as (Exhibit B) to the Motion consider the elements of this motion to be incorporated with Amended Complaint (ECF No.29) and Order (EFC No.58);

4. PERMIT BWC footage still frames (Exhibit A) "under seal";

5. ORDER that only the defendants represented by Police/EMT Attorney, John McLaughlin, Assistant Corporation Counsel, New York City Law Department, 100 Church Street, New York, NY 10007, shall file an answer or otherwise respond to the Second Amended Complaint within fourteen (14) days after service of the Second Amended Complaint (or as otherwise provided by Fed. R. Civ. P. 15(a)(3));

6. ORDER that the defendant(s) represented by CCHR's Attorney Bianca C. Isaias, New York City Law Department, 100 Church Street, 20th Floor, New York, NY 10007 are not required to file an answer or other response to the Second Amended Complaint, as the allegations and claims against said defendant(s) are materially identical to those in the prior amended complaint and

were previously ruled on and, in part, held sufficient to survive dismissal by this Court's Order.

(ECF No, 58);

7. GRANT such other relief as just.


Dated New York, New York
        January 20, 2026

Respectfully Submitted,

Kelly MacNeal
507 W 28th St, Apt 26D
New York, NY 10001
212-581-3223
*Pro se Plaintiff*

Cc:   **VIA ECF**

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
 New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Bianca C. Isaias
New York City Law Department
100 Church Street, 20th Floor
New York, NY 10007
212) 356-4050
*bisaias@law.nyc.gov*
*Attorney for Defendant City of New York - Assistant Corporation Counsel*