**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KELLY MACNEAL,<br><br>Plaintiff,<br><br>**-against-**<br><br>CITY OF NEW YORK et al.,<br><br>Defendants. | 23-CV-5890 (LGS) (JW)<br><br>**PLAINTIFF'S LETTER-MOTION FOR A STAY OR EXTENSION OF TIME TO FILE THE SECOND AMENDED COMPLAINT PENDING RESOLUTION OF HER OBJECTIONS TO THE JULY 30, 2026 ORDER** |

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Dear Judge Schofield:

I am the pro se Plaintiff in the above-captioned action. I respectfully request that the Court stay or extend the 30-day deadline set forth in Magistrate Judge Willis's July 30, 2026 Order (ECF No. 93) for filing a Second Amended Complaint ("SAC"), pending this Court's resolution of my forthcoming Objections to that Order under Federal Rule of Civil Procedure 72(a).

**Background**

On July 30, 2026, Magistrate Judge Willis issued an Order granting in part and denying in part my motion for leave to file a Second Amended Complaint. The Order granted leave to assert an unlawful-search claim against Officer Coghlan and an excessive-force claim based on tight handcuffing, but denied leave to add the three FDNY EMS personnel as defendants to the ADA Title II failure-to-accommodate claim and related claims arising from the same transport. The Order directed me to file an SAC consistent with its ruling within 30 days (approximately August 29, 2026).

I am preparing and will timely file Objections under Rule 72(a) to the portion of the Order that denied leave to add the FDNY EMS personnel. Those Objections are due by August 13, 2026.

**Basis for the Request**

The outcome of my Objections will directly determine the proper content of the SAC. If this Court sustains the Objections and permits the addition of the EMS personnel, the SAC must include those defendants and the related claims. If the Court overrules the Objections, the SAC must be limited to the claims the Magistrate Judge allowed. Requiring me to file the SAC before the Objections are resolved would force me either to omit claims and defendants that this Court may later permit, or to include them in a manner inconsistent with the current Order.

A short stay or extension of the 30-day deadline until a reasonable time after this Court rules on the Objections will promote efficiency, avoid the need for successive amended pleadings, and ensure that the SAC accurately reflects the claims and parties this Court ultimately allows.

**Request for Relief**

I respectfully request that the Court:

1. Stay the 30-day deadline for filing the SAC, or extend it until 14 or 21 days after this Court issues a decision on my Rule 72(a) Objections; or, in the alternative,

2. Grant such other relief as the Court deems just and proper.

I am prepared to file a limited SAC consistent with the Magistrate Judge's Order if the Court prefers that approach, while expressly preserving all rights under the Objections.

Thank you for your consideration of this request.

Dated: New York, New York
August 13, 2026

Respectfully Submitted,

Kelly MacNeal
507 W 28th St, Apt 26D
New York, NY 10001
212-581-3223
*Pro se Plaintiff*

Cc: **VIA ECF**

Caroline DiCostanzo - Attorney for Defendant City of New York
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2662
cdicosta@law.nyc.gov

Bianca C. Isaias
New York City Law Department
100 Church Street, 20th Floor
New York, NY 10007
(212) 356-4050
*bisaias@law.nyc.gov*
*Attorney for Defendant City of New York - Assistant Corporation Counsel*

Doris F. Bernhardt - Attorney for Defendant City of New York
*Assistant Corporation Counsel*
100 Church Street
New York, NY 10007
(212) 356-2296