**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————X 23-CV-5890 (LGS) (JW)

KELLY MACNEAL,

Plaintiff,

-against-

CITY OF NEW YORK et al.,

Defendants.

———————————————————————X

PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE WILLIS'S JULY 30, 2026 ORDER (ECF No. 93) PURSUANT TO FED. R. CIV. P. 72(a) AND 28 U.S.C. § 636(b)(1)(A)

Plaintiff Kelly MacNeal, proceeding pro se, respectfully submits these Objections to the portion of Magistrate Judge Jennifer E. Willis's July 30, 2026 Order (ECF No. 93) that denied leave to amend to add the three FDNY EMS personnel as defendants to the ADA Title II failure-to-accommodate claim and related claims arising from the same transport. Plaintiff does not object to the portions of the Order that granted leave to assert the unlawful-search claim against Officer Coghlan and the excessive-force claim based on tight handcuffing.

**I. Standard of Review:** A district judge must modify or set aside any part of a magistrate judge's nondispositive order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Motions for leave to amend are nondispositive. *See Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). Futility is assessed under the same standard as a motion to dismiss under Rule 12(b)(6): the court must accept well-pleaded facts as true and draw all reasonable inferences in the plaintiff's favor.

**II. Specific Objection:** The Magistrate Judge clearly erred in concluding that amendment to add the three FDNY EMS personnel as defendants to the ADA Title II failure-to-accommodate claim would be futile. ECF No. 93 at 19-21.

To state a Title II claim, a plaintiff must plausibly allege that (1) she is a qualified individual with a disability; (2) the defendant is a public entity; and (3) she was denied the benefits of a service, program, or activity, or was otherwise discriminated against, **by reason of** her disability. *McElwee v. County of Orange*, 700 F.3d 635, 640 (2d Cir. 2012); 42 U.S.C. § 12132. Discrimination includes the failure to make reasonable modifications necessary to avoid discrimination. 28 C.F.R. § 35.130(b)(7).

Judge Schofield previously read an ADA Title II failure-to-accommodate claim into the First Amended Complaint against the NYPD officers involved in the detention and transport. The body-worn video of Officer Coghlan establishes that the FDNY EMS personnel were active participants in the identical transport sequence.

**Request Regarding the Sealed Video Evidence**: The full body-worn video (Defendants' Exhibit A) was submitted to the Court under seal on a USB drive, as described in Defendants' letter dated June 22, 2026 (ECF No. 92). That letter states that the USB drive can be accessed

with the password "Macneal1." Magistrate Judge Willis reviewed the full footage. Plaintiff respectfully requests that this Court likewise review the sealed body-worn video already submitted to the Magistrate Judge (the USB Exhibit A referenced in ECF No. 92) in connection with these Objections. The footage is central to the factual showing below.

**Factual Record on the Video**: The Order describes the transport device used for the Plaintiff as a "transport wheelchair" or "chair" and states that EMS personnel offered it because Plaintiff appeared to be in pain and later transferred her to a stretcher. ECF No. 93 at 5–6, 20. That description is inaccurate, incomplete and materially understates what the body-worn video actually shows.

The device was a "stair chair" — a flimsy rear-wheeled, lightweight conveyance that requires the patient to be leaned significantly backward in order to be rolled along in a manner like a handcart used for moving boxes. It lacked the stability of a standard wheelchair. The video shows the EMS personnel strapping Plaintiff into this device while she was already handcuffed, then leaning her backward so that her full body weight pressed the handcuffs into her chronically broken back. She was then dragged in this position down multiple long hallways and out onto the street while repeatedly screaming that she had a broken back and that the positioning was causing extreme pain. A proper stretcher was available the entire time and was only used after the prolonged, painful transport in the "stair chair" had already occurred. First notification of Plaintiff's disability status and broken back can be heard on the video at 49:00-51:12 Injury to her wrists cause another scream of pain at 51:22-51:26. Plaintiff makes another desperate plea about her back injury at 56:04-57:04. And yet another cry for them to stop leaning her backwards is heard and seen at 57:19 -57:44. From 58:00-58:18 Plaintiff is seen being forced to struggle to stand up from the chair without her cane while her hands remained cuffed behind her. Plaintiff's pleas and cries were ignored for almost 10 minutes while the EMT's continued to keep leaning her onto her back, subjecting her to extreme physical pain and emotional trauma and humiliation.

These details — the nature of the stair chair, the forced backward lean, the length of the journey, and the EMS personnel's active role in moving Plaintiff in that position while she cried out about her fractures — are central to the ADA claim. The Order's omission of these facts renders its conclusion that no reasonable inference of discrimination "by reason of" disability exists clearly erroneous.

**A. The Order Clearly Erred on the "By Reason Of" Element at the Pleading Stage**: At the pleading stage, a plaintiff need only allege facts that make discrimination "by reason of" disability plausible. Actual knowledge of the disability, combined with the conscious selection of a method that causes greater injury, supports that inference. *See Williams v. City of New York*, 121 F. Supp. 3d 354, 368-69 (S.D.N.Y. 2015); *Woods v. City of Utica*, 902 F. Supp. 2d 273, 280 (N.D.N.Y. 2012).

Here, the EMS personnel had actual notice of Plaintiff's broken back and heard her repeated statements and cries of pain, including her screams that she had two fractures in her back. They nevertheless used a stair chair that required her to be leaned backward so that her full body weight pressed the handcuffs into her injured spine, even though a stretcher was available. This

sequence makes a "by reason of" inference plausible. The Magistrate Judge's contrary finding is clearly erroneous on this record.

**B. The Choice of Transport Method Is a Reasonable-Accommodation Issue, Not Pure Medical Judgment**: Title II covers custodial and emergency medical transport as a service, program, or activity of a public entity. *Williams*, 121 F. Supp. 3d at 363-69. Courts distinguish pure clinical or medical-treatment decisions from the physical method of transport or restraint of a person with a known disability.

Plaintiff is not challenging the decision to transport her for evaluation. She is challenging the method of physical transport chosen after the EMS personnel knew of her disability: a stair chair that forced her body weight against the handcuffs into her broken back, rather than the available stretcher. Courts in this Circuit have recognized failure-to-accommodate claims where the chosen method of transport causes greater injury or indignity to a person with a known physical disability. *Williams*, 121 F. Supp. 3d at 368-69; *Woods*, 902 F. Supp. 2d at 280. The Order overlooked this critical distinction and the actual facts shown on the video.

**C. Liability Runs Against the City; Adding the Individual EMS Personnel Is Consistent and Necessary to Avoid Prejudice**: Title II liability primarily runs against the public entity — here, the City of New York — for the actions of its EMS employees. The claim against the City for the EMS personnel's failure to accommodate is therefore non-futile.

The Court has already permitted the identical ADA claim to proceed against individual NYPD officers involved in the same sequence. Adding the three FDNY EMS personnel is consistent with that approach. It is also necessary to prevent practical prejudice. The body-worn video is the central evidence on the surviving claims. The NYPD defendants will inevitably argue that EMS personnel, not they, controlled the stair chair and the manner of movement while Plaintiff was restrained and leaned backward. Excluding the EMS personnel creates an incomplete record and invites blame-shifting. Rule 15 and the interests of justice require that the individuals who participated in the challenged conduct be parties when their conduct appears on the key video evidence.

**D. Newly Produced Evidence and Rule 15 Favor Amendment**: The body-worn video was produced after the prior dismissal rulings and constitutes newly discovered evidence revealing the full extent of the EMS personnel's participation. Rule 15(a)(2) directs that leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Adding the three EMS personnel arises from the identical transaction, will not unduly prejudice the existing defendants, and is necessary for complete and fair adjudication. Amendment is therefore not futile.

**III. Requested Relief**: Plaintiff respectfully requests that the District Judge:

1. Sustain these Objections and reverse the portion of the July 30, 2026 Order denying leave to add the three FDNY EMS personnel as defendants to the ADA Title II failure-to-accommodate claim (and any related claims arising from the same transport sequence);

2. Permit Plaintiff to file a Second Amended Complaint that includes those defendants and claims; and

3. Stay or extend the 30-day deadline in the Order for filing the SAC until after the District Judge rules on these Objections.

Plaintiff remains prepared to file a SAC limited to the claims the Magistrate Judge allowed if the Court so directs, while preserving all rights under these Objections.

Dated: New York, New York
August 13, 2026

Respectfully Submitted,

Kelly MacNeal
507 W 28th St, Apt 26D
New York, NY 10001
212-581-3223
*Pro se Plaintiff*

Cc: **VIA ECF**

Caroline DiCostanzo - Attorney for Defendant City of New York
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2662
cdicosta@law.nyc.gov

Bianca C. Isaias
New York City Law Department
100 Church Street, 20th Floor
New York, NY 10007
(212) 356-4050
*bisaias@law.nyc.gov*
*Attorney for Defendant City of New York - Assistant Corporation Counsel*

Doris F. Bernhardt - Attorney for Defendant City of New York
*Assistant Corporation Counsel*
100 Church Street
New York, NY 10007
(212) 356-2296