UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLY MACNEAL, Plaintiff, -against- CITY OF NEW YORK, et al., Defendants. | 23 Civ. 5890 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 10, 2025, this Court granted Plaintiff's motion for reconsideration of the prior dismissal of the First Amended Complaint's ("FAC") claim for failure to accommodate under the Americans with Disabilities Act ("ADA") and read into Plaintiff's FAC a claim against unidentified New York City Police Department ("NYPD") officers regarding their failure to accommodate Plaintiff's injuries when detaining her. *MacNeal v. City of New York*, No. 23 Civ. 5890, 2025 WL 1906639, at *2 (S.D.N.Y. July 10, 2025). Following that order, the surviving claims in the FAC were (1) a § 1983 claim against the City of New York for racial discrimination regarding the New York City Commission on Human Right's ("CCHR") failure to file a complaint for Plaintiff against her landlord for discrimination based on her subsidized tenant status, (2) a claim under the New York City Human Rights Law ("NYCHRL") for racial discrimination based on the same conduct and (3) the failure-to-accommodate claim against the NYPD officers, though not explicitly pleaded as a distinct cause of action. *Id.* at *3.

WHEREAS, the NYPD officers were subsequently identified and served. (Dkts. 65, 69-72, 74-75).

WHEREAS, on January 1, 2026, Plaintiff filed a motion for leave to file a Second Amended Complaint ("SAC") in light of body camera video footage produced to Plaintiff in discovery. (Dkt. 79). Plaintiff moved for leave to amend to add new claims, reassert previously dismissed claims, and add New York City Fire Department Bureau of Emergency Medical Services ("EMS") personnel as Defendants. The proposed SAC is attached to the motion. (Dkt. 79-1).

WHEREAS, on July 30, 2026, Magistrate Judge Willis -- to whom the case had been referred for general pretrial supervision and initial determination of dispositive motions (Dkt. 51) -- issued an Order granting in part and denying in part the motion for leave to amend. The Order granted Plaintiff leave to file a Second Amended Complaint to add an unlawful search claim against Defendant Coghlan for the search of Plaintiff's handbag and to reassert a previously dismissed excessive force claim against the NYPD Defendants based on tight handcuffing. (Dkt. 93 at 11, 15). The Order denied leave to add any other claims and denied leave to add EMS personnel as Defendants because Plaintiff did not allege in the SAC that the EMS personnel had made the decision when Plaintiff was being detained to transport Plaintiff in a chair *because of* Plaintiff's disability. (*Id.* at 21). The Order thus permitted the pleading of five claims in a Second Amended Complaint -- the racial discrimination claims under § 1983 and the NYCHRL, the failure to accommodate claim under the ADA, and unlawful search and excessive force claims under § 1983. (*Id.* at 21-22).

WHEREAS, on August 18, 2026, Plaintiff timely filed objections to Judge Willis' July 30, 2026, Order pursuant to Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Plaintiff argued that Judge Willis erred in denying Plaintiff's motion for leave to add the EMS personnel as Defendants to the failure-to-accommodate claim. (Dkt. 95).

WHEREAS, district courts "must consider timely objections [to a magistrate judge's order] and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010); *accord Waheed v. SM 1 MMS, LLC*, No. 24 Civ. 6476, 2026 WL 1734630, at *1 (S.D.N.Y. June 16, 2026).

WHEREAS, the ADA defines discrimination to include "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A).

WHEREAS, this Court previously held that, construed most favorably to Plaintiff, the FAC adequately pleaded a failure-to-accommodate-claim under the ADA because it alleged (1) that Plaintiff is a qualified individual with a disability, (2) that she suffered greater injury than others without disabilities and (3) that greater injury resulted from the conduct of officers who knew but consciously disregarded her disability. *Cf. Tudor v. Whitehall Central Sch. Dist.*, 132 F.4th 242, 246 (2d Cir. 2025) ("To establish a *prima facie* case [for failure to accommodate] under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, *with or without reasonable accommodation*; and (4) . . . his employer refused to make a reasonable accommodation.") (emphasis and alterations in original); *see Felix v. City of New* York, 344 F. Supp. 3d 644, 663-66 (S.D.N.Y. 2018) (applying failure-to-accommodate standard to claims against city in the policing context). The FAC alleged that Plaintiff warned the NYPD officers of her back injuries but the

officers disregarded them and that the officers shoved Plaintiff into an unstable portable chair and strapped her to it, which caused her back to spasm.

WHEREAS, the proposed SAC alleges that the EMS personnel were present when Plaintiff informed the NYPD officers of her injuries, that the EMS personnel participated in forcing Plaintiff into the transport chair and that EMS personnel transported Plaintiff in the chair, causing Plaintiff injuries to her already-injured wrist and back, in disregard of Plaintiff's repeated expressions that she was disabled and in pain.

WHEREAS, the allegations that support Plaintiff's failure-to-accommodate claim against the NYPD officers apply equally to the EMS personnel.

WHEREAS, the proposed SAC seeks as relief only money damages.

WHEREAS, plaintiffs cannot bring suits for money damages against individual defendants under Title II of the ADA. *Garcia v. S.U.N.Y. Health Scis. Ctr. Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *accord Moody v. U.S. EEOC*, No. 24 Civ. 3320, 2025 WL 2549074, at *3 (S.D.N.Y. Sep. 3, 2025). It is hereby

**ORDERED** that Plaintiff is granted leave to file an SAC with the following five (and only these five) causes of action:

(1) a claim under § 1983 against the City of New York for racial discrimination based on CCHR's failure to file a complaint for Plaintiff against her landlord for discrimination based on her subsidized tenant status;

(2) a claim against the City of New York under the NYCHRL for racial discrimination based on CCHR's failure to file a complaint for Plaintiff against her landlord for discrimination based on her subsidized tenant status;

(3) a failure-to-accommodate claim under the ADA against the City of New York arising from the conduct of the NYPD officers and FDNY EMS personnel who were involved in transporting Plaintiff from her apartment to the ambulance;

(4) a claim under § 1983 against the City of New York and against the NYPD officers in their individual capacity for excessive force arising out of handcuffing Plaintiff when she was transported from her apartment and

(5) a claim under § 1983 against Officer Coghlan in his individual capacity for unlawful search arising from his search of Plaintiff's handbag while transporting her to the hospital.

For each individual defendant, the SAC shall allege facts describing that person's role in the alleged misconduct.

Plaintiff shall file the SAC by **September 28, 2026**.

Dated: August 27, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**