UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

KELLY MACNEAL,

Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

Defendants.

---------------------------------------------------------------------- x

**DEFENDANTS' ANSWER TO THE SECOND AMENDED COMPLAINT**

23 Civ. 5890 (LGS) (JW)

**Jury Trial Demanded**

Defendants, by their attorney, Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Second Amended Complaint (ECF No. 99), respectfully allege, upon information and belief as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "1" of the Second Amended Complaint.

2. Deny the allegations in paragraph "2" of the Second Amended Complaint, except admit that the City is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City, the New York City Commission on Human Rights ("CCHR"), the New York City Police Department ("NYPD"), and the Fire Department of the City of New York Bureau of Emergency Medical Services ("FDNY-EMS").

3. Deny the allegations in paragraph "3" of the Second Amended Complaint, except admit that Defendant Hanson was employed by the NYPD as a police sergeant on May, 2022, and that he spoke to Plaintiff's purported legal counsel; insofar as it contains conclusions of law, no response is required.

4. Deny the allegations in paragraph "4" of the Second Amended Complaint, except admit that Defendant Alavanja was employed by the NYPD as a police officer on May 6, 2022, and that he was present for Plaintiff's lawful detention; insofar as it contains conclusions of law, no response is required.

5. Deny the allegations in paragraph "5" of the Second Amended Complaint, except admit that Defendant Darnaud was employed by the NYPD as a police officer on May 6, 2022, and that he helped handcuff Plaintiff and heard her speaking; insofar as it contains conclusions of law, no response is required.

6. Deny the allegations in paragraph "6" in the Second Amended Complaint, except admit that Defendant McGovern was employed by the NYPD as a police officer on May 6, 2022, and that he helped handcuff and place Plaintiff in the transport chair; insofar as it contains conclusions of law, no response is required.

7. Deny the allegations in paragraph "7" of the Second Amended Complaint, except admit that Defendant Mickovic was employed by the NYPD as a police officer on May 6, 2022, and that he helped handcuff and place Plaintiff in the transport chair; insofar as it contains conclusions of law, no response is required.

8. Deny the allegations in paragraph "8" of the Second Amended Complaint, except admit that Defendant Coghlan was employed by the NYPD as a police officer on May 6, 2022, and that he helped handcuff and place plaintiff in the transport chair, and lawfully opened her bag; insofar as it contains conclusions of law, no response is required.

9. Deny the allegations in paragraph "9" of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

10. Deny the allegations in paragraph "10" of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

11. Deny the allegations in paragraph "11" of the Second Amended Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

12. Deny the allegations in paragraph "12" of the Second Amended Complaint, except admit that Plaintiff purports to base venue as stated therein.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "13" of the Second Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "14" of the Second Amended Complaint.

15. Admit the allegations in Paragraph "15" of the Second Amended Complaint.

16. Deny the allegations in Paragraph "16" of the Second Amended Complaint, except admit that Plaintiff participated in a CCHR intake interview with Agency Attorney Jacqueline Rios on April 12, 2022.

17. Deny the allegations in Paragraph "17" of the Second Amended Complaint except admit that Plaintiff alleged that the disability doors in her building were chronically broken and that she was discriminated against by her management company based on her affordable tenant status.

18. Deny the allegations in Paragraph "18" of the Second Amended Complaint.

19. Deny the allegations in Paragraph "19" of the Second Amended Complaint.

20. Deny the allegations in Paragraph "20" of the Second Amended Complaint, except admit that CCHR Deputy Commissioner Sapna Raj spoke with Plaintiff on or about April 14, 2022.

21. Admit the allegations in Paragraph "21" of the Second Amended Complaint.

22. Deny the allegations in Paragraph "22" of the Second Amended Complaint and aver that Plaintiff sent CCHR staff an email on May 6, 2022 which stated, *inter alia*, "I am gong [*sic*] to kill myself if this doesn't stop! I have no where else to escape to and I CAN NOT LIVE LIKE THIS!!!!!!!!!!!!!!" "You are killing me slowly …. Why should I suffer. I should just end it quickly … I can't stand the pain."

23. Deny the allegations in paragraph "23" of the Second Amended Complaint, except admit that the individual defendants and EMS personnel arrived at Plaintiff's apartment for a wellness check.

24. Deny the allegations in paragraph "24" of the Second Amended Complaint, except admit that Plaintiff opened her door while it was latched, and that she made several statements regarding her mental state.

25. Deny the allegations in paragraph "25" of the Second Amended Complaint, except admit that Plaintiff claimed that she was disabled, had an injured back and spinal fractures, and carried a walking cane.

26. Deny the allegations in paragraph "26" of the Second Amended Complaint, except admit that Hanson spoke with Plaintiff's purported legal counsel and that plaintiff agreed to go to the hospital.

27. Deny the allegations in paragraph "27" of the Second Amended Complaint, except admit that Coghlan, Mickovic, McGovern, and Darnaud moved Plaintiff into the hallway in order to handcuff her.

28. Deny the allegations in paragraph "28" of the Second Amended Complaint, except admit that Plaintiff was not suspected of a crime and that she did not flee; deny knowledge or information sufficient to form a belief as to the truth of the allegation that plaintiff was not armed; insofar as paragraph "28" contains conclusions of law, no response is required.

29. Deny the allegations in paragraph "29" of the Second Amended Complaint, except admit that Coghlan helped to handcuff Plaintiff and Plaintiff claimed that the handcuffs hurt, was disabled, and had an injured back.

30. Deny the allegations in paragraph "30" of the Second Amended Complaint, except admit that officers and EMS placed Plaintiff in a transport chair and Plaintiff requested for the handcuffs to be removed.

31. Deny the allegations in paragraph "31" of the Second Amended Complaint, except admit that Plaintiff was transported to the ambulance in a transport chair, EMS moved the chair to transport Plaintiff, and Plaintiff stated that she had an injured back.

32. Deny the allegations in paragraph "32" of the Second Amended Complaint, except admit that Plaintiff was transferred to a stretcher upon arriving at the ambulance.

33. Deny the allegations in paragraph "33" of the Second Amended Complaint, except admit that Coghlan uncuffed Plaintiff to reattach the handcuff to the stretcher.

34. Deny the allegations in paragraph "34" of the Second Amended Complaint, except admit that Coghlan lawfully opened Plaintiff's tote bag, removed Plaintiff's wallet, and photographed cards therein.

35. Deny the allegations in paragraph "35" of the Second Amended Complaint, except admit that Plaintiff was not arrested for a criminal offense, and deny knowledge or information sufficient to form a belief as to when plaintiff viewed body-worn camera footage; insofar as it contains conclusions of law, no response is required.

36. Deny the allegations in paragraph "36" of the Second Amended Complaint.

37. In response to the allegations in paragraph "37" of the Second Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

38. Neither admit nor deny the allegations in paragraph "38" of the Second Amended Complaint, as they are conclusions of law not requiring a response.

39. Deny the allegations in Paragraph "39" of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to whether Plaintiff is Caucasian and admit that Plaintiff alleged that the disability doors in her building were chronically broken and alleged that she was discriminated against by her management company based on her affordable tenant status.

40. Deny the allegations in paragraph "40" of the Second Amended Complaint.

41. Deny the allegations in paragraph "41" of the Second Amended Complaint.

42. Deny the allegations in paragraph "42" of the Second Amended Complaint.

43. In response to the allegations in paragraph "43" of the Second Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

44. Neither admit nor deny the allegations in paragraph "38" of the Second Amended Complaint, as they are conclusions of law not requiring a response .

45. Deny the allegations in paragraph “45” of the Second Amended Complaint.

46. Deny the allegations in paragraph “46” of the Second Amended Complaint.

47. Deny the allegations in paragraph “47” of the Second Amended Complaint.

48. In response to the allegations in paragraph “48” of the Second Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph “49” of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

50. Deny the allegations in paragraph “50” of the Second Amended Complaint, except admit that the City is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the NYPD and FDNY-EMS.

51. Deny the allegations in paragraph “51” of the Second Amended Complaint, except admit that plaintiff made various statements regarding her purported disabilities.

52. Deny the allegations in paragraph “52” of the Second Amended Complaint, except admit that Plaintiff asked for the handcuffs to be taken off; insofar as it contains conclusions of law, no response is required.

53. Deny the allegations in paragraph “53” of the Second Amended Complaint.

54. Deny the allegations in paragraph “54” of the Second Amended Complaint.

55. Deny the allegations in paragraph “55” of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

56. In response to the allegations in paragraph "56" of the Second Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

57. Deny the allegations in paragraph "57" of the Second Amended Complaint, except admit that the individual defendants were employed by and working for the NYPD at the time of the alleged incident; insofar as it contains conclusions of law, no response is required.

58. Deny the allegations in paragraph "58" of the Second Amended Complaint, except admit that officers lawfully handcuffed Plaintiff; insofar as it contains conclusions of law, no response is required.

59. Deny the allegations in paragraph "59" of the Second Amended Complaint, except admit that Plaintiff was not suspected of a crime and that officers lawfully restrained her; insofar as it contains conclusions of law, no response is required.

60. Deny the allegations in paragraph "60" of the Second Amended Complaint, except admit that Plaintiff stated that she was disabled; insofar as it contains conclusions of law, no response is required.

61. Deny the allegations in paragraph "61" of the Second Amended Complaint, except admit that Coghlan helped to handcuff and place Plaintiff in the transport chair.

62. Deny the allegations in paragraph "62" of the Second Amended Complaint, except admit that Coghlan and Alavanja were present on May 6, 2022; insofar as it contains conclusions of law, no response is required.

63. Deny the allegations in paragraph "63" of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

64. Deny the allegations in paragraph "64" of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

65. In response to the allegations in paragraph "65" of the Second Amended Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

66. Deny the allegations in paragraph "66" of the Second Amended Complaint, except admit that Coghlan was employed by and working for the NYPD at the time of the alleged incident and that he lawfully opened Plaintiff's tote bag, removed Plaintiff's wallet, and photographed cards therein; insofar as it contains conclusions of law, no response is required.

67. Deny the allegations in paragraph "67" of the Second Amended Complaint, except admit that Plaintiff was being transported for a psychiatric evaluation; insofar as it contains conclusions of law, no response is required.

68. Deny the allegations in paragraph "68" of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

69. Deny the allegations in paragraph "69" of the Second Amended Complaint; insofar as it contains conclusions of law, no response is required.

## AS TO THE FIRST DEFENSE/AFFIRMATIVE DEFENSE

70. The Second Amended Complaint fails to state a claim upon which relief can be granted.

## AS TO THE SECOND DEFENSE/AFFIRMATIVE DEFENSE

71. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants.

**AS TO THE THIRD DEFENSE/AFFIRMATIVE DEFENSE**

72. Defendants have not violated any rights, privileges, or immunities under the Constitution of the laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

**AS TO THE FOURTH DEFENSE/AFFIRMATIVE DEFENSE**

73. The individual defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

**AS TO THE FIFTH DEFENSE/AFFIRMATIVE DEFENSE**

74. Any force used was reasonable under the circumstances.

**AS TO THE SIXTH DEFENSE/AFFIRMATIVE DEFENSE**

75. Plaintiff provoked any incident.

**AS TO THE SEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

76. Plaintiff may have failed to mitigate her alleged damages.

**AS TO THE EIGHTH DEFENSE/AFFIRMATIVE DEFENSE**

77. There was probable cause and/or reasonable suspicion for any search.

**AS TO THE NINTH DEFENSE/AFFIRMATIVE DEFENSE**

78. There was probable cause for Plaintiff's arrest and/or detention.

**AS TO THE TENTH DEFENSE/AFFIRMATIVE DEFENSE**

79. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS TO THE ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE**

80. Plaintiff's claims may be barred in whole or in part by the applicable statute of limitations.

**AS TO THE TWELFTH DEFENSE/AFFIRMATIVE DEFENSE**

81. The individually named defendants are not subject to suit and cannot be held personally liable under the Americans with Disabilities Act or the Rehabilitation Act.

**AS TO THE THIRTEENTH DEFENSE/AFFIRMATIVE DEFENSE**

82. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), et seq.

**WHEREFORE**, Defendants request judgment dismissing the Second Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 27, 2026

**STEVEN BANKS**
Corporation Counsel of the
City of New York
*Attorney for Defendants*

By: /s/ *Zachary Kalmbach*
Zachary Kalmbach
*Senior Counsel*

cc: **VIA ECF**
Kelly MacNeal
*Plaintiff*